Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:	(702) 228-7590
Facsimile:	(702) 892-0122
E-Mail:	bkfilings@s-mlaw.com
*Proposed Counsel for Lenard E. Schwartzer, Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-20-10752-ABL |
|---|---|
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | **TRUSTEE'S EX PARTE APPLICATION TO EMPLOY GENERAL COUNSEL** |

Lenard E. Schwartzer, the Chapter 7 Trustee (the "Trustee"), appointed in the above-captioned bankruptcy case (the "Chapter 7 Case"), respectfully requests that the Court approve the employment of Schwartzer & McPherson Law Firm ("S&MLF") pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr. P. 2014 as counsel for the Trustee.  This Application is also based upon the Declaration of Jason A. Imes filed concurrently with this Application and the following Points and Authorities.

### I.  BACKGROUND

1. Jimenez Arms, Inc. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 10, 2020 (the "Petition Date").

2. Lenard E. Schwartzer is the duly appointed and acting Chapter 7 Trustee in the Debtor's case.

### II.  JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.  REPRESENTATION

4. S&MLF is comprised of attorneys who generally limit their practice to the areas of

insolvency, reorganization, related litigation, and bankruptcy law. S&MLF is well qualified to represent the Trustee as his bankruptcy counsel. S&MLF has represented numerous debtors, trustees, creditors, unsecured creditors' committees, and other parties-in-interest, and is well qualified to act as attorneys for the Trustee. S&MLF will serve as counsel to the Trustee. S&MLF will provide, without limitation, some or all of the following legal services:

(a) Advise Trustee with respect to rights, powers, and duties as trustee;

(b) Assist in advising the Trustee in negotiating, reviewing, drafting documents and pleadings, and consummating any transactions contemplated during this Chapter 7 case;

(c) Assist Trustee with review and resolution of claims asserted against the Debtor's estate, including claims objection and claims estimation proceedings;

(d) Assist with any and all litigation necessary or appropriate to assert rights held by the Trustee or to defend or protect assets of the Debtor's estate; and

(e) Advise and assist the Trustee with actions that he might take to collect and recover property for the benefit of the Debtor's estate.

5. To the best of the Trustee's and S&MLF's knowledge, S&MLF is disinterested within the meaning of 11 U.S.C. § 101(14) in that S&MLF, its shareholders, counsel, and associates:

(a) are not creditors, equity security holders, or insiders of the Debtor;

(b) are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor as specified in subparagraph (c) of 11 U.S.C. § 101(14);

(c) do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein.

6. S&MLF does not believe it represents any interest that is adverse to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in matters upon which it will be engaged as counsel.

7. Upon information and belief, neither I, nor any member of S&MLF, has any known connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in matters upon which it will be engaged as counsel for the Trustee in this case, **EXCEPT that Lenard E. Schwartzer is the acting Chapter 7 Panel Trustee for this case, appointed by the Office of the United States Trustee, and Mr. Schwartzer regularly employs S&MLF to represent him in other unrelated bankruptcy cases in which he is the Trustee. Mr. Schwartzer is also a senior partner in S&MLF, but he will not bill as an attorney in this case.**

8. This Application and accompanying Declaration of Jason A. Imes set forth, to the best of Applicant's knowledge, S&MLF's connections (if any) with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

9. S&MLF will supplement these disclosures in the event further connections are discovered regarding persons or entities that later become identified as parties in interest in this case.

### IV.    COMPENSATION ARRANGEMENT

10. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain S&MLF on an hourly basis at the customary and standard rates that S&MLF charges for similar representation, plus reimbursement of actual and necessary expenses incurred by S&MLF in performing its duties.

11. S&MLF expects that its compensation will be based upon a combination of factors, including without limitation, experience of counsel, time expended, results achieved, difficulty of matters undertaken and S&MLF's hourly rates billed at the rate of $385.00 for Jason A. Imes and various hourly rates for other counsel and support staff within S&MLF as set forth in Exhibit "A" to the Declaration of Jason A. Imes filed concurrently with this Application. S&MLF will not seek to raise the rates of any member of S&MLF for a minimum of six (6) months after the date of the entry of the order approving its employment. S&MLF reserves the right to seek an increase in hourly rates in accord with the U.S. Trustee's Guideline on this matter.

12. No payments have been made or promised to S&MLF for services rendered in any capacity whatsoever in connection with the Chapter 7 Case.

13. There is no agreement or understanding between S&MLF or any other entity for the sharing of compensation to be received for services rendered in or in connection with this Chapter 7 case. No compensation will be paid to S&MLF except as authorized by order of this Court, after notice and an opportunity for a hearing.

V.     **COMPENSATION FOR SERVICES PROVIDED PRIOR TO APPLICATION**

14. Pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr. P. 2014(a), trustee's counsel typically cannot recover fees for services rendered to an estate unless the firm's employment has been authorized by the Bankruptcy Court. The Ninth Circuit had given bankruptcy courts in the Ninth Circuit the equitable power to retroactively approve a professional's valuable but unauthorized services performed prior to entry of the retention order. In re Atkins, 69 F.3d 970, 973 (9th Cir.1995). *Nunc pro tunc* retention orders have been a common practice due to the delay between commencement of services to the estate and entry of the formal retention order, and the impractical and potentially detrimental impact on the estate if services are not rendered by professionals in the meantime.

15. The Supreme Court of the United States, however, recently held that "utilizing *nunc pro tunc* orders to approve the retention of estate professionals retroactive to some date prior to the actual date of court approval is inappropriate." Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S. Ct. 696 (2020). The high court concluded *nunc pro tunc* orders are appropriate to reflect an event that has already occurred prior to entry of the decree through "inadvertence of the court." *Id.* at 700. This ruling in *Acevdeo Feliciano* does not, however, proscribe orders made effective as of an earlier date, or preclude compensation for work completed prior to entry of a retention order. As Bankruptcy Judge Robert E. Grossman noted in a recent unreported opinion considering the *Acevedo Feliciano* ruling, "retroactive approval of the retention of an estate professional, whether it be *nunc pro tunc*, *post-facto* or any similar nomenclature, is not mandated under the Code or Rules." In re: Hector Benitez, Debtor, 2020 WL 1272258 (Bankr. E.D.N.Y. 2020). Judge Grossman concluded a "professional must be retained as

required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code." *Id.*at *2.  Since the Ninth Circuit recognized in <u>Atkins</u> the policy benefits of allowing compensation of professionals for work provided prior to entry of a timely retention order, the firm requests the right to request compensation for services provided prior to entry of the requested retention order, subject to separate review pursuant to 11 U.S.C. §330.

## CONCLUSION

The Trustee requests that the Court enter an order authorizing the Trustee to employ Schwartzer & McPherson Law Firm as his counsel to render services as described above, which may include services provided prior to this Application, with compensation at the expense of the Debtor's estate to be in such amount as the Court may hereafter allow pursuant to 11 U.S.C. §330 and Fed. R. Bankr. P. 2016.

DATED: June 26, 2020.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146
*Proposed Counsel for Lenard E. Schwartzer, Trustee*