1  Jason A. Imes, Esq., NV Bar No. 7030
2  Schwartzer & McPherson Law Firm
   2850 South Jones Blvd., Suite 1
3  Las Vegas NV  89146-5308
   Telephone:    (702) 228-7590
4  Facsimile:     (702) 892-0122
   E-Mail:        bkfilings@s-mlaw.com
5  *Counsel for Lenard E. Schwartzer, Trustee*

6              **UNITED STATES BANKRUPTCY COURT**

7                    **DISTRICT OF NEVADA**

8  In re:                              | Case No. BK-S-20-10752-ABL

9  JIMENEZ ARMS, INC.,                 | Chapter 7

10                         Debtor.      | **MOTION TO SELL ASSETS OF THE
11                                      | ESTATE FREE AND CLEAR OF LIENS
                                        | (11 U.S.C. §363)**
12                                      |
                                        | Date of Hearing:   September 16, 2020
13                                      | Time of Hearing: 9:30 a.m.

14         Lenard E. Schwartzer, the Chapter 7 Trustee (the "Trustee"), by and through his counsel,

15  Jason A. Imes, Esq. of the Schwartzer & McPherson Law Firm, hereby files this *Motion To Sell*

16  *Assets of the Estate Free and Clear of Liens* (the "Motion").  This Motion is made pursuant to 11

17  U.S.C. § 363(b) and (f), Fed. R. Bankr. P. 6004(c) and 9014, LR 6004 and 9014, and is supported

18  by the *Declaration of Lenard E. Schwartzer* (the "Schwartzer Declaration") filed concurrently

19  with this Motion, the Points And Authorities set forth herein, the pleadings and papers on file

20  which Trustee respectfully requests that this Court take judicial notice of, and any argument at the

21  hearing on this Motion.

22         The Trustee seeks to sell substantially all of the assets of this bankruptcy estate, which

23  consist primarily of pistols and pistol frames manufactured by Debtor, Jimenez Arms, Inc.  The

24  proposed purchase price is **$12,571.00, or such higher qualified bid as the Trustee may receive**

25  **prior to or at the time of the hearing on this Motion.** The remaining terms of the proposed sale

26  are set forth in the Asset Purchase Agreement (the "Purchase Agreement") attached to the

27  Schwartzer Declaration and to this Motion as **Exhibit "1."**

28         These pistols are often referred to as "Saturday Night Specials" which are inexpensive and

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

of low quality. The proposed buyer, Everytown for Gun Safety Support Fund, Inc., intends, after consultation with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), to have these weapons destroyed by a federal firearms licensee.

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief sought herein is 11 U.S.C. §§ 363(b) and (f), and Federal Rules of Bankruptcy Procedure 6004 and 9014, and Local Rules 6004 and 9014.

## II.    FACTUAL BACKGROUND

**A.    BANKRUPTCY CASE BACKGROUND**

1.      Debtor Jimenez Arms, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2020 (the "Petition Date"), and the Trustee is the duly appointed and acting Chapter 7 Trustee in the Debtor's case.

2.      The Trustee has determined that the assets of this bankruptcy estate include the following physical inventory consisting primarily of pistols and pistol frames manufactured by the Debtor (the "Assets"):

| Quantity | Description |
|----------|-------------|
| 340 | Pistols |
| 629 | Pistol frames |
| 969 | Total Items |

3.      The Trustee has received an offer from Everytown for Gun Safety Support Fund, Inc. (the "Buyer") for the purchase and transfer of the Assets subject to the terms and conditions set forth in the Purchase Agreement (attached to the Schwartzer Declaration and this Motion as **Exhibit "1"**) pursuant to Bankruptcy Code section 11 U.S.C. §363.

**B.    PROPOSED TERMS OF SALE AND PROCEDURE FOR OVERBIDDING**

4.      As set forth in the Purchase Agreement, the Trustee proposes to sell the Assets, pursuant to Section 363 of the Bankruptcy Code, free and clear of liens, claims and encumbrances, "as is, where is," and without warranty (except that the Trustee has not previously disposed of the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    bankruptcy estate's interest in these Assets), for the total purchase price of **$12,571.00,** subject to

2    overbid and Bankruptcy Court approval. The offer contains the following key terms:

3        <u>**Buyer**</u>: Everytown for Gun Safety Support Fund, Inc. ("<u>Buyer</u>")

4        <u>**Assets to be Purchased**</u>: All of the bankruptcy estate's right, title, and interest in the

5        Assets identified in Schedule A of the Purchase Agreement attached to the Schwartzer

       Declaration as **Exhibit "1"**.

6

7        <u>**Deposit**</u>: $10,000.00 wired from Buyer to Seller's trust account on June 17, 2020.

8        <u>**Purchase Price**</u>: $12,571.00 or such higher qualified bid as may be received at or before

       the hearing on the Motion (the "<u>Purchase Price</u>").

9

10       5.      In the event other parties are interested in submitting overbids, the Trustee proposes

11    that, in order to qualify, any interested bidders must:

12        a.      Deposit $10,000.00 in certified/available funds no less than five (5)

13             business days prior to the hearing on the Motion; and

14        b.      Agree to be bound by all other terms of the Purchase Agreement, including

15             compliance with all United States Bureau of Alcohol, Tobacco, Firearms

16             and Explosives ("<u>ATF</u>") requirements for the lawful transfer of firearms.

17       6.      In the event other parties qualify to bid, then the Trustee proposes that an auction

18    be held at the hearing on the Motion and that:

19        a.      The second highest bidder be given the option to be designated as the

20             "Backup Bidder" at their last highest bid; and

21        b.      If a bidder is named high bidder but fails to complete the sale as agreed,

22             then that bidder's deposit is deemed non-refundable, and the designated

23             Backup Bidder will have option to purchase at their last highest bid by

24             leaving their $10,000.00 deposit with the Trustee and with payment of the

25             remaining balance due no later than five (5) business days after written

26             notice from the Trustee or Trustee's counsel (by fax and/or email).

27   **C.**      <u>**TRUSTEE'S CONCLUSIONS REGARDING PROPOSED SALE**</u>

28       7.      The Trustee has determined that a sale of the Assets to the Buyer would be in the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  best interest of the estate and creditors due to the nature of the assets and regulatory restrictions on

2  their transfer.  In addition, the Trustee has concluded the proposed sale to Everytown for Gun

3  Safety Support Fund, Inc. benefits the general public because it will eliminate these weapons—

4  which have been the subject of numerous lawsuits alleging that the pistols are unreliable and are

5  tied to gun trafficking—from the market. *See* Schwartzer Declaration.

6         8.      Pursuant to Sections 105 and 363 of the Bankruptcy Code, the Trustee desires to

7  accept Buyer's offer and sell the Assets as set forth in the Purchase Agreement free and clear of

8  liens for $12,571.00, or such higher qualified offer that may be received.  *See* Schwartzer

9  Declaration.

10         9.      On or about July 30, 2020, the Trustee and Buyer executed the proposed Purchase

11  Agreement, attached as **Exhibit "1"** to the Schwartzer Declaration and this Motion, with the

12  acknowledgement that the Purchase Agreement, and all obligations and releases contained therein,

13  are contingent upon Bankruptcy Court approval under Bankruptcy Rule 6004(c), and that the sale

14  will be subject to overbid. *See* Schwartzer Declaration.

15        10.     Pursuant to the agreed-upon terms of the proposed Purchase Agreement, the

16  Trustee is filing the instant Motion to obtain such approval and believes the structure of this sale,

17  subject to overbid, will maximize the value of the Assets for the benefit of the estate. *See*

18  Schwartzer Declaration.

19        11.     The Debtor did not list any secured creditors in its Schedule D [ECF No. 1].  The

20  Trustee located one UCC-1 recorded with the Nevada Secretary of State on or about June 27, 2007

21  (Instrument No. 20070206557), but that recording expired in 2012 and has not been renewed. *See*

22  Schwartzer Declaration.

23        12.     Trustee will file a Report of Sale with this Court when the proposed sale to the

24  Buyer, or a higher bidder, is completed. No further confirmation of sale will be sought.

25  ### III.    LEGAL ARGUMENT

26        The Trustee requests approval to sell the Assets free and clear of liens at hearing on the

27  Motion to the Buyer or to any other higher and better bid as set forth herein.

28

**A.**  **SALE OF ASSETS PURSUANT TO 11 U.S.C. §363**

11 U.S.C. § 704(1) states that a trustee "shall collect and reduce to money the property of the estate for which such trustee serves . . . ." "In principle, a trustee should liquidate estate assets only if the estate will benefit from the liquidation. In so doing, the trustee should select the method of liquidation that is most beneficial to the estate." Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991). The Trustee requests approval to sell the Assets "as is" and without warranty, free and clear of liens, interests, encumbrances, and claims to the Buyer.

Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." The Bankruptcy Code permits the sale of estate property outside the ordinary course after notice and a hearing, provided the trustee can demonstrate a "business justification" for the sale. See In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996); 11 U.S.C. §363(b)(1).

**1.**  **Articulated Business Justification and Good Business Judgment**

The Trustee believes that the Buyer's offer is the best available considering all circumstances in this case. The Purchase Agreement is consistent with the likely liquidation value of the Assets, particularly given the restrictions on transfer of these particular Assets and the relative value of the Assets. To comply with ATF requirements, the Buyer or any party taking possession of the Assets at the Buyer's direction must be a qualified Federal Firearms Licensee ("FFL"). The Trustee's analysis of the offer included his consideration of the fact that the Debtor's pistols have a low retail price point (often less than $100), are known for extensive reliability issues, and are the subject of numerous lawsuits. The Trustee is in no position to offer repair or warranty support relating to the Assets. The Trustee has determined the price offered to liquidate the Assets is justified and represents good business judgment. See Schwartzer Declaration.

**2.**  **The Proposed Sale Will Further the Interests of Creditors**

The proposed sale of the Assets will allow the speedy liquidation of the assets of the bankruptcy estate. The sale will be subject to overbid which will help ensure a maximum recovery from the sale.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.      Notice of the Sale

Notice of this proposed sale of the Assets will be served in accordance with Fed. R. Bankr. P. 6004(a), on any parties/persons who have requested notice, and on any parties known to the Trustee to have expressed an interest in purchasing the Assets.

**B.      SALE OF ASSETS FREE AND CLEAR OF LIENS, SECURITY INTERESTS, ENCUMBRANCES, AND CLAIMS UNDER 11 U.S.C. § 363(F)**

Once the Court determines that a valid business justification exists for the sale, the Court must determine whether such a sale can be made free and clear of existing liens, security interests, encumbrances, and claims. Section 363(f) of the Code governs the sale of property of the estate free and clear of liens and provides, in pertinent part, the following:

> (f)      The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if –
>     (1)    Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>     (2)    Such entity consents;
>     (3)    Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>     (4)    Such interest is in bona fide dispute; or
>     (5)    Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f). Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens. *See e.g.,* Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

The Debtor did not list any secured creditors in its Schedule D [ECF No. 1]. The Trustee located one UCC-1 that was recorded with the Nevada Secretary of State on or about June 27, 2007 (Instrument No. 20070206557), but that recording expired in 2012 and has not been renewed. As such, the Trustee is not aware of any valid liens or claims encumbering the Assets. *See* Schwartzer Declaration.

1.      **Consent to the Sale Under § 363(f)(2)**

If no secured creditor or other alleged secured creditor, lien holder, or encumbrance holder

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590   Fax: (702) 892-0122

1   receiving notice of this Motion files a written objection to this Motion, such parties should be

2   deemed to have consented to the sale of the Assets. *See* In re Metropolitan Mortgage & Secs. Co.,

3   2007 WL 2277573 at *4 (Bankr. E.D. Wash 2007); In re Congoleum Corp., 2007 WL 142844 at *1

4   (Bankr. D.N.J. 2007); Citicorp Homeowners Servs., Inv. v. Elliot (In re Elliot), 94 B.R. 345 (E.D.

5   Pa. 1988). Accordingly, because §363(f)(2) is applicable to the sale, the Trustee may sell the Assets

6   free and clear of any creditor's liens, encumbrances, or interests.

7         **2.**    **Liens Subject To Bona Fide Dispute § 363(f)(4)**

8         Pursuant to Section 363(f)(4) of the Bankruptcy Code, to the extent that a lien is asserted

9   against the Assets, such lien may be subject to a bona fide dispute. The Trustee has not located

10  anything indicating any valid lien has been perfected against the Assets. Accordingly, the sale can

11  and should be authorized free and clear of such liens. *See* In re Octagon Roofing, 123 B.R. 583

12  (Bankr. N.D. Ill. 1991). A bankruptcy court must determine whether there is an objective basis for

13  either a factual or legal dispute as to the validity of the debt, but need not determine the outcome of

14  any dispute, only its presence or absence. *See* In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064

15  (9th Cir. 2002); Austein v. Schwartz (In re Gerwer), 898 F.2d 730, 733 (9th Cir. 1990). The Trustee

16  believes any lien raised against the Assets now would be subject to dispute, so he reserves the right

17  to amend this Motion if additional information arises implicating §363(f)(4).

18        **3.**    **Compelling A Sale Under § 363(f)(5)**

19        The Trustee may also sell the Assets under §363(f)(5) of the Bankruptcy Code. In In re PW,

20  LLC, 391 B.R. 25, 41 (9th Cir. BAP 2008), the court parsed "this paragraph to contain at least three

21  elements: that (1) a proceeding exists or could be brought, in which (2) the nondebtor could be

22  compelled to accept a money satisfaction of (3) its interest." *See also* In re Jolan, Inc., 403 B.R. 866

23  (Bankr. W.D. Wash. 2009). The Trustee believes any presently unknown lien on the Assets would

24  likely be subject to satisfaction by money, so proposes any valid lien be deemed transferred to the

25  sale proceeds, and that the Trustee reserves the right to amend this Motion should a matter arise

26  implicating this provision.

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**C.**    **THE PURCHASER SHOULD BE AFFORDED PROTECTION PURSUANT TO SECTION 363(M) OF THE BANKRUPTCY CODE**

Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal.  The sale of Assets will be conducted at arm's length, subject to court approval, and the Assets will be sold in accordance with the Purchase Agreement.  Accordingly, the Trustee submits that the Buyer should be afforded good faith purchaser status under section 363(m) of the Bankruptcy Code.

## III.    CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1.    Authorizing and approving the sale of the Assets pursuant to 11 U.S.C. §363(b)(1) and §363(f)  "as is," "where is," and without warranty, free and clear of liens, encumbrances, and interests pursuant to the terms set forth with more particularity in the Asset Purchase Agreement (the "Purchase Agreement") attached to the Schwartzer Declaration and this Motion as **Exhibit "1,"** for the sum of $12,571.00 or for such higher qualified bid as the Trustee may receive prior to or at the time of the hearing on this Motion; and

2.    Authorizing the Trustee to execute any documents reasonably necessary to close the sale pursuant to the terms of the Purchase Agreement, and to transfer possession and the estate's interest in the Assets to Buyer and/or its assigns, or such qualified overbidder, subject to compliance with all United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") requirements for the lawful transfers of firearms; and

3.    That any liens asserted against the Assets shall attach to the proceeds with payment subject to approval by this Court; and

4.    Finding that the purchaser is buying the Assets in good faith for purposes of 11 U.S.C. §363(m);

5.    For such further relief as is just and proper.

/ / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590   Fax: (702) 892-0122

1    A proposed form of Order is attached to this Motion as **Exhibit "2."**

2    DATED: August 11, 2020.

3

4                    /s/ Jason A. Imes
                    Jason A. Imes, Esq.
5                    Schwartzer & McPherson Law Firm
                    2850 South Jones Blvd., Suite 1
6                    Las Vegas NV  89146
                    *Counsel for Lenard E. Schwartzer, Trustee*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement") is entered into this date by and between LENARD E. SCHWARTZER ("Seller") in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of JIMENEZ ARMS, INC., pending as United States Bankruptcy Court, District of Nevada ("Bankruptcy Court"), as Bankruptcy Case No. BK-S-20-10752-ABL (the "Bankruptcy Case"), and EVERYTOWN FOR GUN SAFETY SUPPORT FUND, INC. ("Buyer"). The Seller and the Buyer are collectively referred herein as the "Parties."

## RECITALS

**WHEREAS**, on February 10, 2020, Debtor Jimenez Arms, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Court, thereby commencing bankruptcy case No. BK-S-20-10752-ABL.

**WHEREAS** Lenard E. Schwartzer has been duly appointed as the Chapter 7 Trustee to administer the Debtor's bankruptcy estate.

**WHEREAS**, Seller wishes to sell and assign to Buyer, and Buyer wishes to purchase and acquire from Seller, the Assets (defined below and in attached Schedule "A") subject to the terms and conditions set forth in this Agreement and the Sale Order (defined below), and pursuant Bankruptcy Code section 11 U.S.C. §105 and §363.

**WHEREAS** Buyer has submitted an offer to Seller to purchase the tangible assets of Debtor's bankruptcy estate free and clear, as is, where is, without warranty, for the total purchase price of $12,571, and Seller has accepted Buyer's offer, subject to overbid and Bankruptcy Court approval.

## ARTICLE I DEFINITIONS; PURCHASE AND SALE OF ASSETS

      1.1    Definitions. For purposes of this Agreement, the following terms not otherwise defined herein shall have the following respective meanings:

**Assets**: All of Debtor's bankruptcy estate's right, title and interest in the personal property listed on attached **Schedule "A,"** consisting primarily of pistols and pistol frames, to the extent same are transferrable or assignable by Seller under applicable law. No other property of the Debtor or Debtor's bankruptcy estate is included in this sale.

**Bankruptcy Estate:** The bankruptcy estate of Debtor Jimenez Arms, Inc. pending in United States Bankruptcy Court, District of Nevada, as case no. 20-10752-ABL.

**Closing**: The consummation of the transactions contemplated herein, which shall occur on the first Business Day following the satisfaction or waiver by the appropriate Party of all of the conditions contained in Article IV and pursuant to the terms set forth in Article I, or on such other date or at such other place and time as may be mutually agreed to by all Parties.

**Closing Conditions**: The satisfaction or waiver of the items described in Article IV of this Agreement and pursuant to the terms set forth in Article I.

**Closing Date**: As defined in Section 1.2(d).

**Lien**: As applied to any person or entity, means any lien, encumbrance, pledge, mortgage, deed of trust, security interest, claim, lease, charge, option, right of first refusal, easement, servitude, proxy, voting trust or agreement, transfer restriction under any shareholder or similar agreement or encumbrance or any other right of a third party in respect of an asset of such person or entity.

**Order:** Any judgment, order, injunction, writ, ruling, decree, stipulation, determination, decision, verdict or award of any court or other governmental entity.

**Purchase Price**: Has the meaning set forth in Section 1.2(c) of this Agreement.

**Sale:** The transaction contemplated by this Agreement for transfer of the title in and to the Assets.

**Sale Order**: The Order entered by the Bankruptcy Court approving this Agreement which shall be in form and substance mutually agreeable to the Seller, the Buyer, and the Bankruptcy Court.

      1.2    <u>Purchase; Purchase Price; Closing</u>.

      (a)    <u>Purchase of Assets</u>.  Upon the terms and subject to the conditions contained in this Agreement, including approval of the Bankruptcy Court, Seller, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate in the Bankruptcy Case conducting a public sale pursuant to Section 363 of the Bankruptcy Code, shall sell, assign, and deliver to Buyer, all of Debtor's bankruptcy estate's right, title and interest in and to the Assets in accordance with the terms of this Agreement, and Buyer shall purchase and accept title in and to the Assets in accordance with the terms of this Agreement.  Both Seller and Buyer acknowledge that Buyer will not take physical possession of the Assets, but rather immediately upon Closing will transfer title in and to the Assets to an entity with a valid federal firearms license (the "FFL"), who will take physical possession of the Assets.

      (b)    <u>Deposit</u>.  An earnest money deposit was made by Buyer by wire transfer or other certified funds to Seller's trust account in the amount of $10,000.00 (the "<u>Deposit</u>").

      (c)    <u>Purchase Price</u>.  Buyer shall pay to Seller, for the benefit of the Bankruptcy Estate, the total sum of Twelve Thousand Five Hundred Seventy-One Dollars ($12,571.00) (the "<u>Purchase Price</u>"), subject to adjustment if Buyer submits an overbid.

      (d)    <u>Closing</u>.  The Closing of the Sale transaction contemplated by this Agreement shall take place at a time agreed to by Seller, Buyer and the FFL which shall be no more than forty-five (45) days following entry of the Sale Order, unless otherwise agreed to by each of the Seller, Buyer and the FFL.  Upon Closing, the Buyer shall pay the Seller the Purchase Price less the Deposit by a wire transfer of funds to an account designated by Seller, or other certified funds, and the Buyer and Seller shall execute and deliver to each other duplicate originals of a Bill of Sale in a form agreeable to both Parties, and the FFL shall take physical possession of the Assets.

## ARTICLE II

## REPRESENTATIONS AND WARRANTIES OF SELLER

Seller hereby represents and warrants to Buyer as of the date hereof and as of the Closing Date as follows:

2.1     Authority.    Seller is the Court appointed Chapter 7 Trustee of the Debtor's Bankruptcy Estate and has the requisite power and authority to execute and deliver this Agreement and effect the Sale transaction contemplated hereunder. The Sale is subject to and contingent upon approval by the Bankruptcy Court.

2.2     Conveyance.    Upon Closing, Seller shall convey all of Debtor's Bankruptcy Estate's interest in and to the Assets, pursuant to a Bill of Sale, as approved by the Bankruptcy Court, free and clear of all liens, claims, licenses, encumbrances and interests pursuant to Section 363 of the Bankruptcy Code. Seller has not sold, transferred, subordinated, or otherwise assigned the Assets or entered into any agreement providing therefore except this Agreement.

2.3     Condition and Warranty.    Seller sells, assigns, transfers, and conveys the Assets to Buyer on an "AS IS" and "WHERE IS" basis, with no representations or warranties as to merchantability, fitness, or use.

## ARTICLE III

## REPRESENTATIONS AND WARRANTIES OF BUYER

Buyer represents and warrants to Seller that, as of the Closing Date:

3.1     Organization, Standing and Power.    Buyer has the requisite power and authority to carry on its business as now being conducted, and to effect the Sale transaction.

3.2     Brokers.    There are no claims for brokerage commissions, finders' fees or similar compensation in connection with the Sale transaction contemplated by this Agreement.

3.3     ATF.    The Buyer has consulted with the United States Bureau of Alcohol, Tobacco & Firearms ("ATF") regarding the plan for the Trustee to deliver the Assets to the Buyer or to the FFL to whom the Buyer directs ("Transfer Plan"), and the ATF has issued no objection to the Transfer Plan.

## ARTICLE IV

## CONDITIONS TO THE OBLIGATIONS OF THE PARTIES; AS IS SALE

4.1     Conditions to Each Party's Obligations.    The respective obligations of each of the Parties to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following conditions:

(a)     Order Permitting Transactions.  Seller shall file with the Bankruptcy Court an application or motion (the "Sale Motion") for entry of the Sale Order in form and substance reasonably acceptable to Seller, Buyer and the Bankruptcy Court.  Prior to the Closing Date, the Bankruptcy Court shall have entered a Sale Order approving the sale pursuant to sections 363(b) and 363(f) of the Bankruptcy Code free and clear of all liens, claims, licenses, encumbrances and interests, authorizing Seller to sell and assign to Buyer the Assets, in form and substance acceptable to Buyer and Seller and no court or other governmental entity having jurisdiction over Seller or Buyer having issued or entered any Order, decree, or injunction (whether temporary, preliminary or permanent) then in effect to stay or otherwise enjoin the Sale transaction contemplated by this Agreement.  The Bankruptcy Court shall retain jurisdiction with respect to any matters relating to the Sale Order or the transactions contemplated by this Agreement.

(b)     Transfer Document.  On the Closing Date, Buyer and Seller shall each execute and deliver to each other, duplicate originals of a mutually agreeable Bill of Sale.

4.2     Conditions to Obligation of Seller.  The obligation of Seller to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following additional conditions:

(a)     Purchase Price Payment.  Seller's receipt of the Purchase Price in immediately available funds to the following account.  Payment instructions will be provided by Seller to the Buyer.

(b)     Regulatory Compliance.  In addition to approval of the Bankruptcy Court, the transaction contemplated by this Agreement must also comply with all laws and regulations, including those under the jurisdiction of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Buyer shall provide to Seller, upon request, appropriate and sufficient documentation affirming that ATF has no objection to the Transfer Plan as a condition of Closing. Seller will cooperate and assist with such process as needed.

(c)     Performance of Obligations; Representations and Warranties.  Buyer shall have performed in all material respects each of its covenants and agreements contained in this Agreement required to be performed on or prior to the Closing Date and each of the representations and warranties of Buyer contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date as if made on and as of such date.

4.3     Conditions to Obligations of Buyer.  The obligations of Buyer to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following additional conjunctive conditions:

(a)     Performance of Obligations; Representations and Warranties.  Seller shall have performed in all material respects each of its covenants and agreements contained in this Agreement required to be performed on or prior to the Closing Date, and each of the

representations and warranties of Seller contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date as if made on and as of such date;

(b)     FFL.  The Buyer has an arrangement with an FFL who will accept possession of and title in and to the Assets immediately upon Closing;

(c).  Regulatory Compliance.  The Transfer Plan is compliant with all applicable laws and regulations, and ATF has made no objection to the Transfer Plan. Seller will cooperate and assist with such process as needed; and

(d)     Approval Order.  The Sale Order approving this Agreement, when presented to and as entered by the Bankruptcy Court, shall be in form and substance satisfactory to Buyer and Seller.

**4.4     As is Where is Sale.  BUYER IS PURCHASING THE ASSETS AS IS, WHERE IS, WITHOUT REPRESENTATION, WARRANTY, OR RECOURSE. WITHOUT LIMITING THE FOREGOING, ALL IMPLIED OR EXPRESS WARRANTIES ARISING UNDER THE UNIFORM COMMERCIAL CODE OR UNDER ANY OTHER APPLICABLE LAW INCLUDING THOSE OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY DISCLAIMED BY SELLER IN THEIR ENTIRETY.**

## ARTICLE V

## ADDITIONAL AGREEMENTS

5.1     Consents. Buyer will use its reasonable best efforts, and Seller will cooperate with Buyer, to obtain at the earliest practicable date all consents and approvals required by this Agreement, including the consents and approvals set forth in Article IV.

5.2     Bankruptcy Court Approval. The sale to Buyer by Seller and the other transactions contemplated by this Agreement are expressly subject to approval of the Bankruptcy Court.  Seller will use best reasonable efforts to secure Bankruptcy Court approval of the Sale pursuant to 11 U.S.C. §363, and for transfer of the Assets to Buyer free and clear of any liens and encumbrances pursuant to 11 U.S.C. §363(f).  Since this is a sale of bankruptcy estate assets, the Sale will be subject to overbid and may result in a public auction of the Assets. In the event other parties are interested in overbidding, the Seller will propose to the Bankruptcy Court that any competing bidder must also deposit $10,000 in certified funds no later than five (5) business days prior to the hearing date, and agree to be bound by the terms of this Agreement, to qualify to bid. Buyer acknowledges:

(a)     The Bankruptcy Court is the final arbiter of the terms of any bidding process, including deposit requirements and qualification of overbidders;

    (b)  The Trustee has a fiduciary obligation to maximize the recovery to the Bankruptcy Estate from the sale of the Assets; and

    (c)  No collusion between potential bidders is allowed.

  5.3  <u>Termination.</u> This Agreement may be terminated by the mutual written consent of the Seller and the Buyer. Buyer may terminate this Agreement by written notice to Seller, if any of the conditions in Section 4.3 are not satisfied, or Seller shall breach any of its obligations under this Agreement. Seller may terminate this Agreement by written notice to Buyer if any of the conditions in Section 4.2 are not satisfied, or Buyer shall breach any of its obligations under this Agreement. No termination under this shall release either Party from or act as a waiver of any claim against the other Party, at law or in equity as a result of such termination or as a result of any breach or default under this Agreement. This Agreement may be terminated as provided herein without further order of the Bankruptcy Court.

## ARTICLE VI

## GENERAL PROVISIONS

  6.1  <u>Survival of Representations and Warranties</u>.  The representations and warranties set forth in this Agreement or in any Schedule or Exhibit thereto shall survive the Closing for a period of ninety (90) days following the Closing Date.

  6.2  <u>Notices</u>.  Any notice, communication, request, reply or advice hereunder (a "<u>Notice</u>") shall be in writing and shall be delivered by a reputable overnight commercial courier service with next business day delivery, by hand delivery.  For purposes of Notice, the addresses of the Parties shall be as follows:

      **Buyer**:  Everytown for Gun Safety Support Fund
            Attn: Eric Tirschwell
            450 Lexington Avenue
            P.O. Box 4184
            New York, NY 10017-3904

            **and**

            Philip Bentley, Esq.
            Priya K. Baranpuria, Esq.
            Kramer Levin Naftalis & Frankel LLP
            1177 Avenue of the Americas,
            New York, New York 10036

      **Seller**:  Lenard E. Schwartzer, Chapter 7 Trustee
            Schwartzer & McPherson Law Firm
            2850 South Jones Blvd., Suite 1
            Las Vegas NV 89146

**and**

Jason Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146

6.3     <u>Section and Other Headings</u>.  Section or other headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

6.4     <u>Severability</u>.  If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement. If any provision of this Agreement should be held to be invalid or unenforceable, the validity and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

6.5     <u>Entire Agreement</u>.  This Agreement (including the Schedules) constitutes the sole and entire agreement of the Parties with respect to the Sale transaction for purchase of the Assets and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to same.  In the event of any inconsistency between the statements in this Agreement and otherwise, the language of this Agreement controls.

6.6     <u>Schedules and Exhibits</u>.  Each Schedule hereto shall be deemed to be a part of this Agreement to the same extent as if set forth verbatim in the body of this Agreement.

6.7     <u>No Third-Party Beneficiaries</u>.  This Agreement is for the sole benefit of the Parties hereto and their permitted assigns, and the Debtor's Bankruptcy Estate and its creditors; nothing herein, express or implied, is intended to or shall confer upon any other entity or individual any legal or equitable benefit, claim, cause of action, remedy, or right of any kind.

6.8     <u>Governing Law; Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The parties submit to the exclusive jurisdiction of the Bankruptcy Court and the United States District Court for the District of Nevada for any legal suit, action, or proceeding arising out of or based upon this Agreement, the other transaction documents, or the transactions contemplated by this Agreement.

6.9     <u>Parties; No Third-Party Beneficiaries</u>.  This Agreement shall be binding upon and enforceable against, and shall inure solely to the benefit of, the Parties hereto and their respective successors and assigns and the Bankruptcy Estate.  Nothing herein shall confer any rights or remedies to any person or entity which is not a party hereto.

6.10    <u>Counterparts; Electronic Signature</u>.    This Agreement may be executed in counterparts, and each such counterpart shall be deemed an original and all such counterparts shall constitute one and the same instrument.  This Agreement may be executed by facsimile or other electronic signature any such signature shall be of the same force and effect as an original signature.

6.11    <u>Further Assurances</u>.  Following the Closing, the Parties shall execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Buyer or the Seller in order to fully consummate the Sale transaction contemplated hereby, subject to Bankruptcy Court approval.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

| <u>**BUYER:**</u> | <u>**SELLER:**</u> |
|---|---|
| **EVERYTOWN FOR GUN SAFETY SUPPORT FUND, INC.** | **CHAPTER 7 TRUSTEE FOR IN RE JIMENEZ ARMS, INC., (Case No. BK-S-20-16210-ABL)** |

By:    Tara Paone

By:  LENARD E. SCHWARTZER

Title:    Chief Financial Officer

Title:  CHAPTER 7 TRUSTEE

6.10    <u>Counterparts; Electronic Signature</u>.    This Agreement may be executed in counterparts, and each such counterpart shall be deemed an original and all such counterparts shall constitute one and the same instrument.  This Agreement may be executed by facsimile or other electronic signature any such signature shall be of the same force and effect as an original signature.

6.11    <u>Further Assurances</u>.  Following the Closing, the Parties shall execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Buyer or the Seller in order to fully consummate the Sale transaction contemplated hereby, subject to Bankruptcy Court approval.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

<u>**BUYER:**</u>                                                          <u>**SELLER:**</u>

**EVERYTOWN FOR**                              **CHAPTER 7 TRUSTEE FOR**
**GUN SAFETY SUPPORT FUND, INC.**      **IN RE JIMENEZ ARMS, INC.,**
                                                              **(Case No. BK-S-20-16210-ABL)**

By: _____              By: LENARD E. SCHWARTZER

Title: _____                        Title:  CHAPTER 7 TRUSTEE

## SCHEDULE A

## [DESCRIPTION OF ASSETS]

| Qty. | Description |
| --- | --- |
| 340 | Pistols |
| 626 | Pistol Frames |
| 001 | Item undesignated as pistol or pistol frame |
| | |
| 967 | Total Items |

## AMENDED SCHEDULE A

## [DESCRIPTION OF ASSETS]

| Qty. | Description |
| --- | --- |
| 340 | Pistols |
| 629 | Pistol Frames |
| 969 | Total Items |

The undersigned confirm they have reviewed this updated description of the Assets.

**BUYER:**                                         **SELLER:**

**EVERYTOWN FOR**                          **CHAPTER 7 TRUSTEE FOR**
**GUN SAFETY SUPPORT FUND, INC.**   **IN RE JIMENEZ ARMS, INC.,**
                                                    **(Case No. BK-S-20-16210-ABL)**

                                         August 6, 2020

By: _Tara Paone_            Date          By: Lenard E. Schwartzer            Date

Title: Chief Financial Officer                 Title:   CHAPTER 7 TRUSTEE

# EXHIBIT "2"

1

2

3

4

5

6   Jason A. Imes, Esq., NV Bar No. 7030
    Schwartzer & McPherson Law Firm
7   2850 South Jones Blvd., Suite 1
    Las Vegas NV 89146-5308
8   Telephone:    (702) 228-7590
    Facsimile:    (702) 892-0122
9   E-Mail:    bkfilings@s-mlaw.com
10  *Counsel for Lenard E. Schwartzer, Trustee*

11              **UNITED STATES BANKRUPTCY COURT**

12                      **DISTRICT OF NEVADA**

13  In re:                                    Case No. BK-S-20-10752-ABL

14  JIMENEZ ARMS, INC.,                       Chapter 7

15                              Debtor.    **[ PROPOSED ] ORDER GRANTING**
                                           **MOTION TO SELL ASSETS OF THE**
16                                         **ESTATE FREE AND CLEAR OF LIENS**
                                           **(11 U.S.C. §363)**
17

18                                         Date of Hearing:    September 16, 2020
                                           Time of Hearing:    9:30 a.m.
19          The Trustee's *Motion to Sell Assets of the Estate Free and Clear of Liens (11 U.S.C. §363)*

20  (the "Motion") [ECF No. _____], having come before this Court on the _____ day of

21  _____, 2020; LENARD E. SCHWARTZER, Chapter 7 Trustee (the "Trustee"),

22  appearing by and through his counsel, Jason A. Imes, Esq. of Schwartzer & McPherson Law Firm;

23  other counsel appearing as noted on the record; the Court having reviewed the Motion, the

24  Declaration of Lenard E. Schwartzer filed in support of the Motion, and the pleadings on file in this

25  case and having heard the argument of counsel at the hearing on the Motion; there being no

26  oppositions on file; the Court having taken judicial notice of the pleadings on file in this case; there

27  being no overbidders (qualified or otherwise); the Motion and related pleadings having been

28  properly and timely noticed; the Court having made its findings of fact and conclusions of law upon

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1 the record, which are hereby incorporated herein pursuant to Fed. R. Bank. P. 7052 and 9014; and

2 good cause appearing,

3      **IT IS HEREBY ORDERED** that the Trustee's Motion is **GRANTED**; and

4      **IT IS FURTHER ORDERED** that the Trustee is authorized to sell the Assets (as defined

5 in the Motion) pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without

6 warranty, free and clear of liens, encumbrances, and interests pursuant to the terms set forth with

7 more particularity in the Asset Purchase Agreement (the "Purchase Agreement") attached to this

8 Order as **Exhibit "1,"** to buyer EVERYTOWN FOR GUN SAFETY SUPPORT FUND, INC. (the

9 "Buyer") and/or its assigns for the sum of $12,571.00; and

10      **IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents

11 reasonably necessary to close the sale pursuant to the terms of the Purchase Agreement, and to

12 transfer possession and the estate's interest in the Assets to Buyer and/or its assigns, subject to

13 compliance with all United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

14 requirements for the lawful transfers of firearms; and

15      **IT IS FURTHER ORDERED** that any liens asserted against the Assets shall attach to the

16 proceeds with payment subject to approval by this Court; and

17      **IT IS FURTHER ORDERED** that the Court finds the purchaser is buying the Assets in

18 good faith for purposes of 11 U.S.C. §363(m).

19 Submitted by:

20

21 _____

22 Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM

23 2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308

24 *Counsel for Lenard E. Schwartzer, Trustee*

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court waived the requirement of approval under LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

_____
Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM

# # #

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122