Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:    bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Ch. 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-20-10752-ABL |
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | **NOTICE OF ENTRY OF ORDER GRANTING MOTION TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS (11 U.S.C. §363)** |

NOTICE IS HEREBY GIVEN that an Order Granting Motion To Sell Assets Of The Estate And Free And Clear Of Liens (11 U.S.C. §363) [ECF 82] was entered on September 17, 2020, a copy of which is attached hereto.

Dated this 17th day of September, 2020.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones, Blvd., Suite 1
Las Vegas, NV 89146
*Attorneys for Lenard E. Schwartzer, Ch. 7 Trustee*

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**CERTIFICATE OF SERVICE**

1.    I caused to be served the following document:

     a.    Notice of Entry of Order Granting Motion To Sell Assets Of The Estate Free And Clear Of Liens (11 U.S.C. §363).

2.    I served the above-named document(s) by the following means to the persons as listed below:

■    a.    **By ECF System (On 09/17/2020):**

PRIYA K. BARANPURIA on behalf of Creditor BEVERLY CRAWFORD AND ALVINO CRAWFORD, AS THE PARENTS OF THE DECEDENT ALVINO DWIGHT CRAWFORD

pbaranpuria@kramerlevin.com

THOMAS E. CROWE on behalf of Debtor JIMENEZ ARMS, INC.

tcrowe@thomascrowelaw.com, tcrowe@lvcoxmail.com;appstcl@yahoo.com

JASON A. IMES on behalf of Trustee LENARD E. SCHWARTZER

bkfilings@s-mlaw.com

BART K. LARSEN on behalf of Creditor THE CITY OF KANSAS CITY, MISSOURI

BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Creditor ALVINO CRAWFORD

BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

BART K. LARSEN on behalf of Creditor BEVERLY CRAWFORD

BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

LENARD E. SCHWARTZER

trustee@s-mlaw.com, lbenson@s-mlaw.com;jelliott@s-mlaw.com;nv17@ecfcbis.com;clea11@trustesolutions.net;les@trustesolutions.net

U.S. TRUSTEE - LV - 7

USTPRegion17.LV.ECF@usdoj.gov

☐    b.    **By United States First Class postage fully prepaid:**

☐    c.    **By United States Certified Mail postage fully prepaid:**

☐    d.    **By Personal Service**

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

☐    I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    e.    **By direct email (as opposed to through the ECF System)**

Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    f.    **By fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    g.    **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:    September 17, 2020

Janice Dunnam                                    /s/ Janice Dunnam
(Name of Declarant)                          (Signature of Declarant)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122



Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
September 17, 2020

Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:       bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-20-10752-ABL |
|---|---|
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS (11 U.S.C. §363)** |
|  | Date of Hearing:   September 16, 2020<br>Time of Hearing:   9:30 a.m. |

The Trustee's *Motion to Sell Assets of the Estate Free and Clear of Liens (11 U.S.C. §363)*

(the "Motion") [ECF No. 57], having come before this Court on the 16th day of September, 2020;

LENARD E. SCHWARTZER, Chapter 7 Trustee (the "Trustee"), appearing by and through his

counsel, Jason A. Imes, Esq. of Schwartzer & McPherson Law Firm; PAUL JIMENEZ appearing

on his own behalf; the Court having reviewed the Motion, the Declaration of Lenard E. Schwartzer

filed in support of the Motion, and the pleadings on file in this case and having heard the argument

of counsel at the hearing on the Motion; there being no oppositions on file; the Court having taken

judicial notice of the pleadings on file in this case; there being no overbidders (qualified or

otherwise); the Motion and related pleadings having been properly and timely noticed; the Court

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  having made its findings of fact and conclusions of law upon the record, which are hereby

2  incorporated herein pursuant to Fed. R. Bank. P. 7052 and 9014; and good cause appearing,

3      **IT IS HEREBY ORDERED** that the Trustee's Motion is **GRANTED**; and

4      **IT IS FURTHER ORDERED** that the Trustee is authorized to sell the Assets (as defined

5  in the Motion) pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without

6  warranty, free and clear of liens, encumbrances, and interests pursuant to the terms set forth with

7  more particularity in the Asset Purchase Agreement (the "Purchase Agreement") attached to this

8  Order as **Exhibit "1,"** to buyer EVERYTOWN FOR GUN SAFETY SUPPORT FUND, INC. (the

9  "Buyer") and/or its assigns for the sum of $12,571.00; and

10      **IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents

11  reasonably necessary to close the sale pursuant to the terms of the Purchase Agreement, and to

12  transfer possession and the estate's interest in the Assets to Buyer and/or its assigns, subject to

13  compliance with all United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

14  requirements for the lawful transfers of firearms; and

15      **IT IS FURTHER ORDERED** that any liens asserted against the Assets shall attach to the

16  proceeds with payment subject to approval by this Court; and

17      **IT IS FURTHER ORDERED** that the Court finds the purchaser is buying the Assets in

18  good faith for purposes of 11 U.S.C. §363(m).

19  Submitted by:

20

21   /s/ Jason A. Imes
    Jason A. Imes, Esq.
22  SCHWARTZER & MCPHERSON LAW FIRM
    2850 South Jones Blvd., Suite 1
23  Las Vegas NV  89146-5308
    *Counsel for Lenard E. Schwartzer, Trustee*
24

25

26

27

28

Case 20-10752-abl    Doc 83    Entered 09/17/20 15:34:17    Page 3 of 3

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒     The court waived the requirement of approval under LR 9021(b)(1).

         PAUL JIMENEZ:  Waived signature at hearing

☐     No party appeared at the hearing or filed an objection to the motion.

☐     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above:

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

/s/ Jason A. Imes
Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM

                          # # #

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Case 20-10752-abl   Doc 83   Entered 09/17/2006 15:34:17   Page 7 of 18

# EXHIBIT "1"

# ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement") is entered into this date by and between LENARD E. SCHWARTZER ("Seller") in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of JIMENEZ ARMS, INC., pending as United States Bankruptcy Court, District of Nevada ("Bankruptcy Court"), as Bankruptcy Case No. BK-S-20-10752-ABL (the "Bankruptcy Case"), and EVERYTOWN FOR GUN SAFETY SUPPORT FUND, INC. ("Buyer"). The Seller and the Buyer are collectively referred herein as the "Parties."

## RECITALS

**WHEREAS,** on February 10, 2020, Debtor Jimenez Arms, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Court, thereby commencing bankruptcy Case No. BK-S-20-10752-ABL.

**WHEREAS** Lenard E. Schwartzer has been duly appointed as the Chapter 7 Trustee to administer the Debtor's bankruptcy estate.

**WHEREAS,** Seller wishes to sell and assign to Buyer, and Buyer wishes to purchase and acquire from Seller, the Assets (defined below and in attached Schedule "A") subject to the terms and conditions set forth in this Agreement and the Sale Order (defined below), and pursuant Bankruptcy Code section 11 U.S.C. §105 and §363.

**WHEREAS** Buyer has submitted an offer to Seller to purchase the tangible assets of Debtor's bankruptcy estate free and clear, as is, where is, without warranty, for the total purchase price of $12,571, and Seller has accepted Buyer's offer, subject to overbid and Bankruptcy Court approval.

## ARTICLE I DEFINITIONS; PURCHASE AND SALE OF ASSETS

1.1    <u>Definitions</u>. For purposes of this Agreement, the following terms not otherwise defined herein shall have the following respective meanings:

**Assets:** All of Debtor's bankruptcy estate's right, title and interest in the personal property listed on attached **Schedule "A,"** consisting primarily of pistols and pistol frames, to the extent same are transferrable or assignable by Seller under applicable law. No other property of the Debtor or Debtor's bankruptcy estate is included in this sale.

**Bankruptcy Estate:** The bankruptcy estate of Debtor Jimenez Arms, Inc. pending in United States Bankruptcy Court, District of Nevada, as case no. 20-10752-ABL.

**Closing:** The consummation of the transactions contemplated herein, which shall occur on the first Business Day following the satisfaction or waiver by the appropriate Party of all of the conditions contained in Article IV and pursuant to the terms set forth in Article I, or on such other date or at such other place and time as may be mutually agreed to by all Parties.

**Closing Conditions:** The satisfaction or waiver of the items described in Article IV of this Agreement and pursuant to the terms set forth in Article I.

**Closing Date:** As defined in Section 1.2(d).

**Lien**: As applied to any person or entity, means any lien, encumbrance, pledge, mortgage, deed of trust, security interest, claim, lease, charge, option, right of first refusal, easement, servitude, proxy, voting trust or agreement, transfer restriction under any shareholder or similar agreement or encumbrance or any other right of a third party in respect of an asset of such person or entity.

**Order**: Any judgment, order, injunction, writ, ruling, decree, stipulation, determination, decision, verdict or award of any court or other governmental entity.

**Purchase Price**: Has the meaning set forth in Section 1.2(c) of this Agreement.

**Sale**: The transaction contemplated by this Agreement for transfer of the title in and to the Assets.

**Sale Order**: The Order entered by the Bankruptcy Court approving this Agreement which shall be in form and substance mutually agreeable to the Seller, the Buyer, and the Bankruptcy Court.

      1.2    <u>Purchase; Purchase Price; Closing</u>.

      (a)    <u>Purchase of Assets</u>.  Upon the terms and subject to the conditions contained in this Agreement, including approval of the Bankruptcy Court, Seller, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate in the Bankruptcy Case conducting a public sale pursuant to Section 363 of the Bankruptcy Code, shall sell, assign, and deliver to Buyer, all of Debtor's bankruptcy estate's right, title and interest in and to the Assets in accordance with the terms of this Agreement, and Buyer shall purchase and accept title in and to the Assets in accordance with the terms of this Agreement.  Both Seller and Buyer acknowledge that Buyer will not take physical possession of the Assets, but rather immediately upon Closing will transfer title in and to the Assets to an entity with a valid federal firearms license (the "FFL"), who will take physical possession of the Assets.

      (b)    <u>Deposit</u>.  An earnest money deposit was made by Buyer by wire transfer or other certified funds to Seller's trust account in the amount of $10,000.00 (the "<u>Deposit</u>").

      (c)    <u>Purchase Price</u>.  Buyer shall pay to Seller, for the benefit of the Bankruptcy Estate, the total sum of Twelve Thousand Five Hundred Seventy-One Dollars ($12,571.00) (the "<u>Purchase Price</u>"), subject to adjustment if Buyer submits an overbid.

      (d)    <u>Closing</u>.  The Closing of the Sale transaction contemplated by this Agreement shall take place at a time agreed to by Seller, Buyer and the FFL which shall be no more than forty-five (45) days following entry of the Sale Order, unless otherwise agreed to by each of the Seller, Buyer and the FFL.  Upon Closing, the Buyer shall pay the Seller the Purchase Price less the Deposit by a wire transfer of funds to an account designated by Seller, or other certified funds, and the Buyer and Seller shall execute and deliver to each other duplicate originals of a Bill of Sale in a form agreeable to both Parties, and the FFL shall take physical possession of the Assets.

## ARTICLE II

### REPRESENTATIONS AND WARRANTIES OF SELLER

Seller hereby represents and warrants to Buyer as of the date hereof and as of the Closing Date as follows:

2.1    <u>Authority</u>.  Seller is the Court appointed Chapter 7 Trustee of the Debtor's Bankruptcy Estate and has the requisite power and authority to execute and deliver this Agreement and effect the Sale transaction contemplated hereunder. The Sale is subject to and contingent upon approval by the Bankruptcy Court.

2.2    <u>Conveyance</u>.  Upon Closing, Seller shall convey all of Debtor's Bankruptcy Estate's interest in and to the Assets, pursuant to a Bill of Sale, as approved by the Bankruptcy Court, free and clear of all liens, claims, licenses, encumbrances and interests pursuant to Section 363 of the Bankruptcy Code.  Seller has not sold, transferred, subordinated, or otherwise assigned the Assets or entered into any agreement providing therefore except this Agreement.

2.3    <u>Condition and Warranty</u>.  Seller sells, assigns, transfers, and conveys the Assets to Buyer on an "AS IS" and "WHERE IS" basis, with no representations or warranties as to merchantability, fitness, or use.

## ARTICLE III

### REPRESENTATIONS AND WARRANTIES OF BUYER

Buyer represents and warrants to Seller that, as of the Closing Date:

3.1    <u>Organization, Standing and Power</u>.  Buyer has the requisite power and authority to carry on its business as now being conducted, and to effect the Sale transaction.

3.2    <u>Brokers</u>.  There are no claims for brokerage commissions, finders' fees or similar compensation in connection with the Sale transaction contemplated by this Agreement.

3.3    <u>ATF</u>. The Buyer has consulted with the United States Bureau of Alcohol, Tobacco & Firearms ("ATF") regarding the plan for the Trustee to deliver the Assets to the Buyer or to the FFL to whom the Buyer directs ("Transfer Plan"), and the ATF has issued no objection to the Transfer Plan.

## ARTICLE IV

### CONDITIONS TO THE OBLIGATIONS OF THE PARTIES; AS IS SALE

4.1    <u>Conditions to Each Party's Obligations</u>.  The respective obligations of each of the Parties to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following conditions:

(a)    Order Permitting Transactions.  Seller shall file with the Bankruptcy Court an application or motion (the "Sale Motion") for entry of the Sale Order in form and substance reasonably acceptable to Seller, Buyer and the Bankruptcy Court.  Prior to the Closing Date, the Bankruptcy Court shall have entered a Sale Order approving the sale pursuant to sections 363(b) and 363(f) of the Bankruptcy Code free and clear of all liens, claims, licenses, encumbrances and interests, authorizing Seller to sell and assign to Buyer the Assets, in form and substance acceptable to Buyer and Seller and no court or other governmental entity having jurisdiction over Seller or Buyer having issued or entered any Order, decree, or injunction (whether temporary, preliminary or permanent) then in effect to stay or otherwise enjoin the Sale transaction contemplated by this Agreement.  The Bankruptcy Court shall retain jurisdiction with respect to any matters relating to the Sale Order or the transactions contemplated by this Agreement.

(b)    Transfer Document.  On the Closing Date, Buyer and Seller shall each execute and deliver to each other, duplicate originals of a mutually agreeable Bill of Sale.

4.2    Conditions to Obligation of Seller.  The obligation of Seller to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following additional conditions:

(a)    Purchase Price Payment.   Seller's receipt of the Purchase Price in immediately available funds to the following account.  Payment instructions will be provided by Seller to the Buyer.

(b)    Regulatory Compliance.  In addition to approval of the Bankruptcy Court, the transaction contemplated by this Agreement must also comply with all laws and regulations, including those under the jurisdiction of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Buyer shall provide to Seller, upon request, appropriate and sufficient documentation affirming that ATF has no objection to the Transfer Plan as a condition of Closing. Seller will cooperate and assist with such process as needed.

(c)    Performance of Obligations; Representations and Warranties.  Buyer shall have performed in all material respects each of its covenants and agreements contained in this Agreement required to be performed on or prior to the Closing Date and each of the representations and warranties of Buyer contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date as if made on and as of such date.

4.3    Conditions to Obligations of Buyer.  The obligations of Buyer to effect the Sale transaction contemplated by this Agreement shall be subject to the fulfillment on or prior to the Closing Date of the following additional conjunctive conditions:

(a)    Performance of Obligations; Representations and Warranties.  Seller shall have performed in all material respects each of its covenants and agreements contained in this Agreement required to be performed on or prior to the Closing Date, and each of the

representations and warranties of Seller contained in this Agreement shall be true and correct in all material respects on and as of the Closing Date as if made on and as of such date;

      (b)   FFL.  The Buyer has an arrangement with an FFL who will accept possession of and title in and to the Assets immediately upon Closing;

      (c). Regulatory Compliance.  The Transfer Plan is compliant with all applicable laws and regulations, and ATF has made no objection to the Transfer Plan. Seller will cooperate and assist with such process as needed; and

      (d)   Approval Order.  The Sale Order approving this Agreement, when presented to and as entered by the Bankruptcy Court, shall be in form and substance satisfactory to Buyer and Seller.

    4.4   **As is Where is Sale.  BUYER IS PURCHASING THE ASSETS AS IS, WHERE IS, WITHOUT REPRESENTATION, WARRANTY, OR RECOURSE. WITHOUT LIMITING THE FOREGOING, ALL IMPLIED OR EXPRESS WARRANTIES ARISING UNDER THE UNIFORM COMMERCIAL CODE OR UNDER ANY OTHER APPLICABLE LAW INCLUDING THOSE OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY DISCLAIMED BY SELLER IN THEIR ENTIRETY.**

## ARTICLE V

## ADDITIONAL AGREEMENTS

    5.1   Consents. Buyer will use its reasonable best efforts, and Seller will cooperate with Buyer, to obtain at the earliest practicable date all consents and approvals required by this Agreement, including the consents and approvals set forth in Article IV.

    5.2   Bankruptcy Court Approval. The sale to Buyer by Seller and the other transactions contemplated by this Agreement are expressly subject to approval of the Bankruptcy Court. Seller will use best reasonable efforts to secure Bankruptcy Court approval of the Sale pursuant to 11 U.S.C. §363, and for transfer of the Assets to Buyer free and clear of any liens and encumbrances pursuant to 11 U.S.C. §363(f). Since this is a sale of bankruptcy estate assets, the Sale will be subject to overbid and may result in a public auction of the Assets. In the event other parties are interested in overbidding, the Seller will propose to the Bankruptcy Court that any competing bidder must also deposit $10,000 in certified funds no later than five (5) business days prior to the hearing date, and agree to be bound by the terms of this Agreement, to qualify to bid. Buyer acknowledges:

      (a)   The Bankruptcy Court is the final arbiter of the terms of any bidding process, including deposit requirements and qualification of overbidders;

(b)    The Trustee has a fiduciary obligation to maximize the recovery to the Bankruptcy Estate from the sale of the Assets; and

(c)    No collusion between potential bidders is allowed.

5.3    Termination. This Agreement may be terminated by the mutual written consent of the Seller and the Buyer. Buyer may terminate this Agreement by written notice to Seller, if any of the conditions in Section 4.3 are not satisfied, or Seller shall breach any of its obligations under this Agreement. Seller may terminate this Agreement by written notice to Buyer if any of the conditions in Section 4.2 are not satisfied, or Buyer shall breach any of its obligations under this Agreement. No termination under this shall release either Party from or act as a waiver of any claim against the other Party, at law or in equity as a result of such termination or as a result of any breach or default under this Agreement. This Agreement may be terminated as provided herein without further order of the Bankruptcy Court.

## ARTICLE VI

## GENERAL PROVISIONS

6.1    Survival of Representations and Warranties.  The representations and warranties set forth in this Agreement or in any Schedule or Exhibit thereto shall survive the Closing for a period of ninety (90) days following the Closing Date.

6.2    Notices.  Any notice, communication, request, reply or advice hereunder (a "Notice") shall be in writing and shall be delivered by a reputable overnight commercial courier service with next business day delivery, by hand delivery.  For purposes of Notice, the addresses of the Parties shall be as follows:

> **Buyer:**    Everytown for Gun Safety Support Fund
> Attn: Eric Tirschwell
> 450 Lexington Avenue
> P.O. Box 4184
> New York, NY 10017-3904
>
> **and**
>
> Philip Bentley, Esq.
> Priya K. Baranpuria, Esq.
> Kramer Levin Naftalis & Frankel LLP
> 1177 Avenue of the Americas,
> New York, New York 10036
>
> **Seller:**    Lenard E. Schwartzer, Chapter 7 Trustee
> Schwartzer & McPherson Law Firm
> 2850 South Jones Blvd., Suite 1
> Las Vegas NV 89146

**and**

Jason Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146

6.3    <u>Section and Other Headings</u>.  Section or other headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

6.4    <u>Severability</u>.  If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement. If any provision of this Agreement should be held to be invalid or unenforceable, the validity and enforceability of the remaining provisions of this Agreement shall not be affected thereby.

6.5    <u>Entire Agreement</u>.  This Agreement (including the Schedules) constitutes the sole and entire agreement of the Parties with respect to the Sale transaction for purchase of the Assets and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to same.  In the event of any inconsistency between the statements in this Agreement and otherwise, the language of this Agreement controls.

6.6    <u>Schedules and Exhibits</u>.  Each Schedule hereto shall be deemed to be a part of this Agreement to the same extent as if set forth verbatim in the body of this Agreement.

6.7    <u>No Third-Party Beneficiaries</u>.  This Agreement is for the sole benefit of the Parties hereto and their permitted assigns, and the Debtor's Bankruptcy Estate and its creditors; nothing herein, express or implied, is intended to or shall confer upon any other entity or individual any legal or equitable benefit, claim, cause of action, remedy, or right of any kind.

6.8    <u>Governing Law; Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The parties submit to the exclusive jurisdiction of the Bankruptcy Court and the United States District Court for the District of Nevada for any legal suit, action, or proceeding arising out of or based upon this Agreement, the other transaction documents, or the transactions contemplated by this Agreement.

6.9    <u>Parties; No Third-Party Beneficiaries</u>.  This Agreement shall be binding upon and enforceable against, and shall inure solely to the benefit of, the Parties hereto and their respective successors and assigns and the Bankruptcy Estate.  Nothing herein shall confer any rights or remedies to any person or entity which is not a party hereto.

6.10   Counterparts; Electronic Signature.   This Agreement may be executed in counterparts, and each such counterpart shall be deemed an original and all such counterparts shall constitute one and the same instrument. This Agreement may be executed by facsimile or other electronic signature any such signature shall be of the same force and effect as an original signature.

6.11   Further Assurances.   Following the Closing, the Parties shall execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Buyer or the Seller in order to fully consummate the Sale transaction contemplated hereby, subject to Bankruptcy Court approval.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

**BUYER:**                                              **SELLER:**

**EVERYTOWN FOR**                          **CHAPTER 7 TRUSTEE FOR**
**GUN SAFETY SUPPORT FUND, INC.**   **IN RE JIMENEZ ARMS, INC.,**
                                                             **(Case No. BK-S-20-16210-ABL)**


By:   Tara Paone                                 By:  LENARD E. SCHWARTZER

Title:   Chief Financial Officer             Title:  CHAPTER 7 TRUSTEE

6.10    Counterparts; Electronic Signature.    This Agreement may be executed in counterparts, and each such counterpart shall be deemed an original and all such counterparts shall constitute one and the same instrument.  This Agreement may be executed by facsimile or other electronic signature any such signature shall be of the same force and effect as an original signature.

6.11    Further Assurances.  Following the Closing, the Parties shall execute and deliver such documents and take such other actions as may be reasonably requested from time to time by the Buyer or the Seller in order to fully consummate the Sale transaction contemplated hereby, subject to Bankruptcy Court approval.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

**BUYER:**                                          **SELLER:**

**EVERYTOWN FOR**                    **CHAPTER 7 TRUSTEE FOR**
**GUN SAFETY SUPPORT FUND, INC.**    **IN RE JIMENEZ ARMS, INC.,**
                                                    **(Case No. BK-S-20-16210-ABL)**

_____        _____

By: _____        By: LENARD E. SCHWARTZER

Title: _____        Title:  CHAPTER 7 TRUSTEE

## SCHEDULE A

## [DESCRIPTION OF ASSETS]

| Qty. | Description |
|------|-------------|
| 340  | Pistols |
| 626  | Pistol Frames |
| 001  | Item undesignated as pistol or pistol frame |
| ———— | |
| 967  | Total Items |

## AMENDED SCHEDULE A

## [DESCRIPTION OF ASSETS]

| Qty. | Description |
|------|-------------|
| 340 | Pistols |
| 629 | Pistol Frames |
| 969 | Total Items |

The undersigned confirm they have reviewed this updated description of the Assets.

**BUYER:**                                    **SELLER:**

**EVERYTOWN FOR**                      **CHAPTER 7 TRUSTEE FOR**
**GUN SAFETY SUPPORT FUND, INC.**   **IN RE JIMENEZ ARMS, INC.,**
                                              **(Case No. BK-S-20-16210-ABL)**


_____ August 6, 2020       _____
By:   Tara Paone                   Date       By:  Lenard E. Schwartzer        Date

Title:   Chief Financial Officer              Title:   CHAPTER 7 TRUSTEE