James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law

Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 1992627
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 5467444
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Fax: (212) 715-8000
Email: pbentley@kramerlevin.com
       pbaranpuria@kramerlevin.com

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \*

| In re: | Case No. 20-10752-ABL |
|---|---|
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | |

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATIONS AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

Creditors Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford (the "Crawfords"), and the City of Kansas City, Missouri ("Kansas City"), by and through their undersigned counsel, respectfully move this Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of

KL2 3197299.1

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada,[1] for the entry of an order directing Paul Jimenez, Sr., Paul Jimenez DBA Jimenez Arms, JA Industries LLC, Genske, Mulder & Company, LLP, and other persons and entities with knowledge of facts relevant to the Debtor's potential claims against Paul Jimenez, Sr., members of his family or entities affiliated with him or his family members to produce documents and appear for examination, as set forth in subpoenas to be issued pursuant to Fed. R. Bankr. P. 9016, at times, places and dates to be mutually agreed upon by the parties or, if no such agreement is reached, **on no less than fourteen (14) days' notice**. In support of this motion (the "Motion"), the Crawfords and Kansas City respectfully state:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Section 105, Bankruptcy Rule 2004, and Local Rule 2004.

### BACKGROUND

3. On February 10, 2020 (the "Petition Date"), the above captioned debtor, Jimenez Arms, Inc. filed a chapter 11 petition under title 11 of the United States Code (the "Bankruptcy Code"), commencing this chapter 11 case.

4. Prior to the Petition Date, on June 24, 2019, the Crawfords filed a wrongful death petition (the "Crawfords' Petition") against the Debtor and a number of unrelated parties, in the Circuit Court of Jackson County, Missouri (Kansas City). On August 12, the Crawfords filed a proof of claim in this chapter 11 case asserting claims against the Debtor as alleged in the Crawfords' Petition and any and all claims against the Debtor that could have been asserted in the Crawfords' Petition.

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

5. Further, on January 7, 2020, Kansas City filed a petition (the "Kansas City Petition") against the Debtor and a number of unrelated parties, in the Circuit Court of Jackson County, Missouri (Kansas City). On August 12, Kansas City filed a proof of claim in this chapter 11 case asserting claims against the Debtor as alleged in the Kansas City Petition and any and all claims against the Debtor that could have been asserted in the Kansas City Petition.

6. Paul Jimenez, Sr. ("Mr. Jimenez") is the President of the Debtor. Paul Jimenez DBA Jimenez Arms is a sole proprietorship owned and operated by Mr. Jimenez, which conducted business with the Debtor and may have received substantial assets from the Debtor in the years prior to the Debtor's chapter 7 filing. JA Industries LLC is a company owned and operated by Mr. Jimenez, which is now continuing the Debtor's business as its successor. Genske, Mulder & Company, LLP is an accounting firm that provided accounting services to the Debtor prior to this bankruptcy, and that provides and has provided accounting services to Mr. Jimenez, Paul Jimenez DBA Jimenez Arms, and JA Industries LLC.

7. It is apparent from testimony given by Mr. Jimenez at the Section 341 meeting of creditors in this chapter 7 case, as well as documents obtained from Mr. Jimenez and other sources, that the Debtor made significant pre-petition asset transfers to Mr. Jimenez, members of Mr. Jimenez's family and entities affiliated with members of Mr. Jimenez's family, which may be recoverable under sections 544, 547 and 548 of the Bankruptcy Code.

8. In addition, this evidence reveals multiple financial, operational and personal connections among the Debtor, Paul Jimenez DBA Jimenez Arms, JA Industries LLC and Mr. Jimenez, which appear to support claims that (a) Paul Jimenez DBA Jimenez Arms and Mr. Jimenez operated as alter egos of the Debtor prior to the petition date, and (b) JA Industries LLC is currently operating as the Debtor's successor. On these grounds, it appears that one of more of Paul Jimenez DBA Jimenez Arms, JA Industries LLC and Mr. Jimenez may be co-liable with the Debtor for its debts.

KL2 3197299.1

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

9.      To investigate these potential estate claims, discovery pursuant to Bankruptcy Rule 2004 is needed from Mr. Jimenez, Paul Jimenez DBA Jimenez Arms, JA Industries LLC, Genske, Mulder & Company, LLP, and other persons and entities with knowledge of the relevant facts.

## ARGUMENT

10.      An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" *In re Stasz*, 387 B.R. 271, 273, n.3 (9th Cir. 2008); *see also In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (*quoting* Fed. R. Bankr. P. 2004(a)). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination of any person or motion of any party in interest."). Generally, the purpose of a Bankruptcy Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (*citing In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

11.      The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 *Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (*quoting In re GHR Energy Corp., Inc.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The broad latitude of Bankruptcy Rule 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004 examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re W&S Invs.*, 1993 U.S. App. LEXIS 2231, at *5 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device."); *In re French*, 145 B.R. at 992 ("Bankruptcy Rule

KL2 3197299.1

1  2004 . . . does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure.").

12. The information that the Crawfords and Kansas City seek through this Motion relate to matters that are clearly within the permitted scope of Rule 2004, including, but not limited to, information related to Debtors' potential causes of action, as well as the Debtor's other assets, liabilities and business operations.

13. Local Rule 2004(b) further provides, in part, "[t]he clerk may sign orders for examination if the date set for examination is more than fourteen (14) days from the date the motion is filed." This Motion is being filed more than fourteen (14) prior to the date set for the examination. Accordingly, the clerk is authorized to sign an order granting this Motion.

*[Remainder of Page Intentionally Left Blank]*

KL2 3197299.1

**CONCLUSION**

For the reasons stated above, the Crawfords and Kansas City respectfully request that the Court enter an order directing Paul Jimenez, Sr., Paul Jimenez DBA Jimenez Arms, JA Industries LLC, Genske, Mulder & Company, LLP, and other persons and entities with knowledge of facts relevant to the Debtor's potential claims against Paul Jimenez, Sr., members of his family or entities affiliated with him or his family members to produce documents and appear for examination pursuant to Bankruptcy Rule 2004, as set forth in subpoenas to be issued pursuant to Fed. R. Bankr. P. 9016, at times, places and dates to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) days' notice. A proposed order is attached hereto as <u>Exhibit 1</u>.

Dated this <u>12th</u> day of October 2020.

**SHEA LARSEN**

/s/ *Bart K. Larsen*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

KL2 3197299.1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2020, I electronically transmitted the foregoing EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATIONS AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 to the Office of the Clerk of the Bankruptcy Court, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*

KL2 3197299.1

**EXHIBIT 1**

Case 20-10752-abl    Doc 96    Entered 10/12/20 11:46:04    Page 8 of 10

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
       blarsen@shea.law

Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 1992627
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 5467444
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Fax: (212) 715-8000
Email: pbentley@kramerlevin.com
       pbaranpuria@kramerlevin.com

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: | Case No. 20-10752-ABL |
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | |

**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATIONS AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

This Court having reviewed the *Ex Parte Motion for Order Directing Examinations and the Production of Documents Pursuant to Fed. R. Bankr. P. 2004* [ECF No. ___] (the "Motion") filed

Page 1 of 2

KL2 3197301.2

by Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford (the "Crawfords"), and the City of Kansas City, Missouri ("Kansas City"), and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Paul Jimenez, Sr., Paul Jimenez DBA Jimenez Arms, JA Industries LLC, Genske, Mulder & Company, LLP, and other persons and entities with knowledge of facts relevant to the Debtor's potential claims against Paul Jimenez, Sr., members of his family or entities affiliated with him or his family members shall produce documents and appear for examination under oath before a certified court reporter pursuant to Bankruptcy Rule 2004, as set forth in subpoenas to be issued pursuant to Fed. R. Bankr. P. 9016, at times, places and dates to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) calendar days' written notice, as to any matter permitted by Fed. R. Bankr. P. 2004, including but not limited to the matters specifically enumerated in the Motion.

IT IS SO ORDERED.

Submitted by:

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq. (Admitted *Pro Hac Vice)*
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

Page 2 of 2

KL2 3197301.2