Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:         bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-20-10752-ABL |
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | **FIRST AND FINAL APPLICATION FOR COMPENSATION FOR SCHWARTZER & McPHERSON LAW FIRM, ATTORNEYS FOR CHAPTER 7 TRUSTEE** |
| | Hearing Date:  December 3, 2020<br>Hearing Time:  11:00 a.m. |

| | |
|---|---|
| Name of Applicant: | SCHWARTZER & MCPHERSON LAW FIRM |
| Authorized to Provide Services to: | Lenard E. Schwartzer, Chapter 7 Trustee |
| Date of Retention: | July 7, 2020 [ECF No. 44] |
| Period for which Compensation and Reimbursement is sought: | June 24, 2020 – December 3, 2020 |
| Fees Incurred This Period: | $    11,487.00 |
| Expenses Incurred This Period: | $         321.34 |
| Total Incurred This Period: | $    11,808.34 |

This is a(n): _____ interim ___X___ final application.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## SUMMARY OF PROFESSIONAL FEES
June 24, 2020 – December 3, 2020

| ATTORNEY | YEAR ADMITTED TO PRACTICE | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|---|
| Jason A. Imes | 2000 | $385.00 | 28.70 | $ 11,049.50 |
| Jason A. Imes | 2000 | $125.00* | 2.90 | $ 362.50 |
| **Attorney Subtotal** | | | **31.60** | $ 11,412.00 |
| **PARAPROFESSIONAL** | | **HOURLY RATE** | **APPLICATION HOURS** | **TOTAL FEES** |
| Paralegal | | $ 125.00 | .60 | $ 75.00 |
| **Paralegal Subtotal** | | | **.60** | $ 75.00 |
| **Total** | | | **32.20** | $ **11,487.00** |
| **Blended Hourly Rate** | | $ 356.74 | | |

\* Attorney Jason A. Imes spent 2.9 hours on predominately clerical work preparing this Application, so this work was only billed at the firm's base Paralegal rate ($125.00/hour).

## SUMMARY OF COSTS/DISBURSEMENTS
June 24, 2020 – December 3, 2020

| EXPENSES | RATE | TOTAL FEES |
|---|---|---|
| Pacer research | Actual cost | $ 3.30 |
| Photocopy charge | $.25 / page + Actual costs for any outside vendor services | $ 78.00 |
| Postage | Actual cost | $ 52.00 |
| Westlaw | Actual cost | $ 7.04 |
| Filing Fee | Actual cost | $ 181.00 |
| **Total** | | $ **$321.34** |

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM ("Applicant"), attorneys for Lenard E. Schwartzer, Trustee (the "Trustee") makes application to this Court for final compensation pursuant to 11 U.S.C. §§ 328 and 330, Fed.R.Bankr.P. 2002 and 2106, and the Guidelines of the United States Department of Justice, Office of the United States Trustee (the "Guidelines"). This Application seeks approval of Applicant's 32.20 hours of professional services rendered in the amount of $11,487.00, and reimbursement of costs expended in the amount of $321.34, for a total request for payment in the sum of **$11,808.34** for the period from July 24, 2020 through December 3, 2020 (the "Final Fee Period") as an allowed administrative expense of this estate.

I.    **NARRATIVE STATEMENT OF SERVICES PERFORMED**

    A.    Bankruptcy Case History.

Debtor JIMENEZ ARMS, INC. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2020 (the "Petition Date"), and the Trustee is the duly appointed and acting Chapter 7 Trustee in the Debtor's case. The Debtor manufactured and sold low-priced pistols, and counsel was engaged to assist with the sale and transfer of the bankruptcy estate's inventory of approximately 969 pistols and pistol frames.

    B.    Jurisdiction.

This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of the Debtors' chapter 7 case and this Application is proper under 28 U.S.C. § 1409(a). The statutory predicates for the relief sought herein are sections 328 and 330 of the Bankruptcy Code.

    C.    Benefit to the Estate.

Applicant diligently worked with the Trustee to understand the scope and value of the bankruptcy estate's assets, to promptly determine the most efficient manner to administer the assets of the estate, and to assist with recovery and liquidation.  In particular, the Applicant assisted the Trustee with sale and transfer of approximately 969 pistols and pistol frames which included coordination with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Applicant also drafted pleadings for Bankruptcy Court approval of the sale and assisted

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  with the transfer of the inventory in compliance with federal requirements. The funds collected in

2  the bankruptcy estate are sufficient to provide for payment of this administrative expense.

**II.    NOTICE**

A.    A copy of the Application and the Notice of the Application will be served on the United States Trustee at or about the time the Application is filed. *See* Guidelines § 1.1.

B.    A copy of the Notice of the Application filed in connection with the Application identifying Applicant and the amounts requested, will be served on the Debtor and all identified creditors and parties-in-interest. Fed.R.Bankr.P. 2002(a) and (c)(2).

**III.    STATUTORY AUTHORITY FOR RELIEF SOUGHT**

11 U.S.C. §§ 328 and 330 govern the award of compensation to officers and professionals. 11 U.S.C. § 328 provides:

§ **328. Limitation on compensation of professional persons**

(a)    The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

(b)    If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(c)    Except as provided in section 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

11 U.S.C. § 330 provides:

**§ 330.  Compensation of officers**

(a) (1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 228, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, a professional person employed under section 327 or 1103 –

(A)  reasonable compensation for actual, necessary services rendered to the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)  reimbursement for actual, necessary expenses.

(2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)  In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;
(B)  the rates charged for such services;
(C)  whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for –

(i)  unnecessary duplication of services;
or
(ii)  services that were not -

SCHWARTZER & McPHERSON LAW FIRM

2850 South Jones Boulevard, Suite 1

Las Vegas, Nevada 89146-5308

Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

(I)     reasonably likely to benefit the debtor's estate; or

(II)    necessary to the administration of the case.

. . . .

(5)   The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6)   Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

To the best of Applicant's knowledge, this Application complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the US Trustee, and the Local Rules of the United States Bankruptcy Court of the District of Nevada.

## IV.    DATE, TERMS AND CONDITIONS OF EMPLOYMENT OF APPLICANT

A.     Applicant was formally retained as general counsel for the Trustee by an Order of this Court entered on July 7, 2020 [ECF No. 44].

B.     This request includes services provided prior to entry of Applicant's retention order, and that retention order does not include *nunc pro tunc* language following the Supreme Court's recent opinion in Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S. Ct. 696 (2020). The ruling in Acevedo Feliciano, however, does not preclude compensation for work completed prior to entry of a timely retention order. The Ninth Circuit has recognized the inevitable delay between commencement of services to the estate and entry of a formal retention order, and the impractical and potentially detrimental impact on the estate if services are not rendered by professionals in the meantime, and compensated accordingly.  In re Atkins, 69 F.3d 970, 973 (9th Cir.1995).  As Bankruptcy Judge Robert E. Grossman noted in an unreported opinion considering the Acevedo Feliciano ruling, a "professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code." In re: Hector Benitez, Debtor, 2020 WL 1272258, *2 (Bankr. E.D.N.Y. 2020).

C.      Notwithstanding such terms and conditions, the Court may allow compensation to Applicant on terms and conditions different than as described above, if the original terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of Applicant's employment.  11 U.S.C. §328(a).

## V.      AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED AND APPROVED

This Application seeks final allowance and payment of compensation for services rendered as counsel for the Chapter 7 Trustee.  For this Final Fee Period, Applicant seeks approval of fees in the amount of $11,487.00, and reimbursement of costs expended in the amount of $321.34, for a total request for payment in the sum of **$11,808.34** for the period from July 24, 2020 through December 3, 2020.

## VI.      SUMMARY OF SERVICES RENDERED, HOURLY RATES AND EXPENSES INCURRED

### A.      Billing Methodology

1.      The services rendered by Applicant are set forth in **Exhibit "1"** which includes a detailed list of all time for which compensation is sought, including the date the services were rendered, the person performing the services, the nature of the services performed and the time spent on each service.  Fed.R.Bankr.P. 2016(a).

2.      Applicant believes that every professional employed on behalf of a trustee in a Chapter 7 case has a responsibility to control fees and expenses by providing services in an efficient and effective manner.  To this end, Applicant diligently works to coordinate and facilitate the efficient prosecution of the matters for which it is employed.  Applicant reviews all client billings for reasonableness and makes adjustments so that the charges are consistent with the value of the services provided.  Applicant has charged its customary hourly rates for services rendered for which compensation is sought in this Application.   Applicant's hourly rates are comparable to, if not lower than, those charged by other professional persons with similar levels of expertise in the Las Vegas, Nevada area.

3.      Applicant has not been employed on a contingency basis and Applicant is aware that the fees charged by Applicant are subject to allowance at the discretion of the Court.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**B.    Expenses**

The expenses incurred by Applicant are set forth in **Exhibit "2."**   No unusual or costly expenses have been incurred.   The expenses are ones customarily charged to Applicant's non-bankruptcy clients.

> "Expenses which are compensable are those fronted by the attorney or law firm on behalf of a particular client.  These expenses can only be charged to the bankruptcy estate at the cost to the attorney or law firm....Examples of such expenses are: computer research, long-distance calls, fax machine charges, postage, federal express, photocopying charges, secretarial overtime."

In re Ginji Corp., 117 B.R. 983, 995 (Bankr. D.Nev. 1990).

1.    Courier charges:  Applicant does not have an in-house runner but uses an outside delivery service.  Based upon Applicant's contracted rates with Nationwide Legal, the courier charges listed in applicant's invoices represent the allocated portion of courier charges for deliveries under Applicant's contract for services with Nationwide Legal and includes actual costs for rush or out-of-area deliveries.  Applicant bills these charges directly to its clients with no additional mark-up.

2.    Facsimiles:    For facsimiles, Applicant charges twenty-five cents per page to send local faxes and one dollar per page to send long-distance faxes.  Applicant has estimated that the rates it charges for facsimiles are comparable to or less than those charged by other firms in bankruptcy cases.

3.    PACER:    These charges are the actual and necessary expenses incurred by Applicant for the use of PACER.

4.    Photocopy charges:    For copies, Applicant charges twenty-five cents per page for in-house copies, and for copies of pleadings received via the Court's Electronic Case Filing system ("Photocopy ECF").  Applicant has estimated that the rates it charges for copies are comparable to or less than those charged by other firms in this district.

5.    Postage:    These charges are the actual and necessary expenses incurred by Applicant for postage.  Applicant bills these charges directly to its clients with no additional mark-up.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

6.     <u>Westlaw</u>:     Applicant's Westlaw charges represent the allocated portion of legal research charges under Applicant's contract with Westlaw. These charges are not charged out at the full rate that would be charged if Applicant did not have a special-pricing contract with Westlaw.

**C.**     **Narrative Statement**

For the convenience of the Court, the U. S. Trustee, and all interested parties, the following paragraphs set forth a brief narrative statement, summary and explanation of certain activities and services performed during the time period covered by this Application, from July 24, 2020 through December 3, 2020. The narrative statement is intended only to highlight a number of the services rendered by Applicant in the separate project billing categories where Applicant has expended a considerable number of hours on behalf of the Trustee, and is not meant to be a detailed description of all of the work performed.

1.     **Task Code B201 – Asset Disposition.** This task category includes 25.80 hours ($9,933.00) for time spent assisting the Trustee with liquidation of the bankruptcy estate's inventory of approximately 969 pistols and pistol-frames. This included time spent drafting the asset purchase agreement and working with the proposed buyer on numerous revisions. Time was also spent drafting the motion and related pleadings for bankruptcy court approval of the sale, attending the related hearing, and coordinating with interested parties (including ATF) to ensure the firearms were sold and transferred in compliance with federal restrictions.

2.     **Task Code B401 – Case Administration.** This task category includes 1.00 hours ($385.00) for time spent on general case activities including initial review of the case file and communication with the Trustee and his staff on various case issues.

3.     **Task Code B501 – Claim Administration.** This task category includes 0.30 hours ($115.50) for time spent reviewing claims asserted by tax authorities.

4.     **Task Code B701 – Fee/Employment Applications for S&MLF.** This task category includes 5.10 hours ($1,053.50) for time spent preparing the application to employ the Firm as Trustee's counsel. This category also includes spent preparing this final application for fees, and for attending the related hearing (estimated). 2.9 hours were spent by attorney Jason

1  Imes on predominately clerical parts of this Application, so this work was only billed at the firm's

2  base Paralegal rate ($125.00/hour).

3  **VII.    PRIOR APPLICATIONS AND ORDERS FOR COMPENSATION**

4      Applicant has made no prior applications for compensation in this case.

5  **VIII.   AVAILABILITY OF FUNDS**

6      The Trustee is currently holding $28,087.77 and this is sufficient for payment of the

7  expected administrative claims against this estate, including this Application, and a meaningful

8  distribution to allowed unsecured creditor claims.

9      The Trustee is due to receive additional funds for the bankruptcy estate once the auction of

10 various office equipment and furniture is completed. *See* [ECF No. 72].

11 **IX.    EXPERTISE REQUIRED**

12     Applicant is skilled in insolvency proceedings and has special knowledge which enables

13 Applicant to perform services of benefit to the bankruptcy estate.  Applicant currently has three

14 attorneys who work primarily in the areas of bankruptcy, reorganization, and insolvency, one who

15 has over 41 years of experience, one who has over 25 years of experience, and one who has over

16 15 years of experience in these areas.  The attorneys of the Firm, Lenard E. Schwartzer, Jeanette

17 E. McPherson, and Jason A. Imes, are all certified in business bankruptcy law by the American

18 Board of Certification.  Applicant has represented numerous committees, debtors, creditors,

19 trustees, and parties-in-interest in bankruptcy cases.  Applicant is therefore particularly skilled,

20 knowledgeable, and experienced in the representation of parties in bankruptcy cases and with the

21 issues that may arise and are to be considered.

22 **X.    PAYMENTS MADE OR PROMISED AND LACK OF AGREEMENT TO SHARE**

23 **COMPENSATION**

24     A.    All services for which compensation is requested were performed for, or on behalf

25 of, the Trustee.

26     B.    No compensation received by Applicant will be shared and no agreement or

27 understanding exists between Applicant and any other entity for the sharing of compensation to be

28 received for services rendered in connection with this case.  Fed.R.Bankr.P. 2016.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**XI.    CONCLUSION**

Wherefore, Applicant respectfully requests the Court grant this Application and enter an order approving Applicant's professional fees in the amount of $11,487.00, and reimbursement of costs expended in the amount of $321.34, for a total request for payment in the sum of **$11,808.34** for the period from July 24, 2020 through December 3, 2020, as an allowed and payable Chapter 7 administrative expense of this bankruptcy estate.

Pursuant to LR 9021, a proposed form of order is attached hereto as **Exhibit "3."**

DATED: October 26, 2020.

/s/ Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Counsel for Lenard Schwartzer, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

# *Schwartzer & McPherson Law Firm*

2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146

Ph:(702) 228-7590        Fax:   (702) 892-0122

Lenard Schwartzer                                           October 23, 2020
2850 South Jones Blvd. Suite 1                  File #:      30520-00185
Las Vegas, NV 89146

                                                            Inv  #:        Final Fee
                                                                           Application

**RE:**        Jimenez Arms, Inc. (20-10752)

## SUMMARY BY TASK

| Task | | Effective Rate | Hours | Amount |
|------|------|---:|---:|---:|
| **B200** | **ASSET DISPOSITION** | | | |
| B201 | Asset Disposition | $385.00 | 25.80 | 9,933.00 |
| | | **Total** | **25.80** | **$9,933.00** |
| **B400** | **CASE ADMINISTRATION** | | | |
| B401 | Case Administration | $385.00 | 1.00 | 385.00 |
| | | **Total** | **1.00** | **$385.00** |
| **B500** | **CLAIMS ADMINISTRATION & OBJECTIONS** | | | |
| B501 | Claims Administration & Objections | $385.00 | 0.30 | 115.50 |
| | | **Total** | **0.30** | **$115.50** |
| **B700** | **FEE/EMPLOYMENT APPLICATIONS** | | | |
| B701 | Fee/Employment Applications S&MLF | $206.57 | 5.10 | 1,053.50 |
| | | **Total** | **5.10** | **$1,053.50** |
| | | **Grand Total** | **32.20** | **$11,487.00** |

## SUMMARY BY TIMEKEEPER

| Timekeeper | Category | Rate | Hours | Amount |
|------------|----------|-----:|------:|-------:|
| Jason A. Imes | Associate | $385.00 | 28.70 | 11,049.50 |
| Jason A. Imes | Associate | $125.00 | 2.90 | 362.50 |
| Paralegal | Paralegal | $125.00 | 0.60 | 75.00 |

| Task Code | Timekeeper | Task / Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **B201**<br>Jun-28-20 | JAI | **Asset Disposition**<br> Receipt and review of documents and email history from trustee re: 363 sale motion (.5);   Email Phil Bentley (counsel for buyer, Everytown) re: purchase agreement and sale motion (.2) | 0.70 | $385.00 | 269.50 |
| **B201** | JAI | **Asset Disposition**<br>Draft purchase agreement for sale of firearm inventory to Everytown | 0.80 | $385.00 | 308.00 |
| **B201**<br>Jun-29-20 | JAI | **Asset Disposition**<br>Review purchase offer from Everytown ("ET"), and continued work drafting asset purchase agreement ("APA") | 1.60 | $385.00 | 616.00 |
| **B201**<br>Jun-30-20 | JAI | **Asset Disposition**<br>Discuss ATF authorization with trustee and B. Holland (.2);   Work on revisions to draft APA to address ATF approval requirements (.8); Email trustee draft APA for review (.1) | 1.10 | $385.00 | 423.50 |
| **B201**<br>Jul-02-20 | JAI | **Asset Disposition**<br>Work on revisions to Asset Purchase Agreement and email trustee re: latest draft | 0.70 | $385.00 | 269.50 |
| **B201** | JAI | **Asset Disposition**<br>Receipt and review of trustee's notes re: sale terms and work on additional revisions to draft APA, and email P. Bently (for buyer) re: same | 0.90 | $385.00 | 346.50 |
| **B201**<br>Jul-23-20 | JAI | **Asset Disposition**<br>Receipt and review of edits to APA from Everytown; Discuss APA edits and firearm transfer issues with the trustee and B. Holland | 0.50 | $385.00 | 192.50 |
| **B201** | JAI | **Asset Disposition**<br>Work on revisions to APA (.9);   Draft and send memorandum to Everytown re: edits (.1) | 1.00 | $385.00 | 385.00 |
| **B201**<br>Jul-29-20 | JAI | **Asset Disposition**<br>Receipt and review of Everytown's revisions to APA (.2);   Email trustee and Aaron Esty re: closing timeline (.1); Work on motion to approve 363 sale (.8) | 1.10 | $385.00 | 423.50 |

| | | | | | |
|---|---|---|---|---|---|
| **B201**<br>Jul-30-20 | JAI | **Asset Disposition**<br>Work drafting 363 motion to approve sale of firearm inventory free and clear of liens, and possible auction | 1.60 | $385.00 | 616.00 |
| **B201** | JAI | **Asset Disposition**<br>Meeting with trustee to go over terms for proposed sale of inventory, and potential auction terms (.2);   Work on revisions to sale motion (.9); Email buyer's counsel with initial draft of sale motion (.1) | 1.20 | $385.00 | 462.00 |
| **B201**<br>Aug-06-20 | JAI | **Asset Disposition**<br>Email Everytown re: signed APA (.1); Meeting with Bill Holland to go over inventory listing and related sale issues (.5) | 0.60 | $385.00 | 231.00 |
| **B201** | JAI | **Asset Disposition**<br>Receipt and review of inventory and documents from ATF (.4);   Revise APA and sale motion to update inventory count (.5);   Draft correspondence to Everytown re same (.2) | 1.10 | $385.00 | 423.50 |
| **B201**<br>Aug-10-20 | JAI | **Asset Disposition**<br>Receipt and review of update from Everytown re: press release and response to same (.2);   Receipt and review of additional edits from Everytown to 363 sale motion and documents (.1) | 0.30 | $385.00 | 115.50 |
| **B201**<br>Aug-11-20 | JAI | **Asset Disposition**<br>Receipt and review of buyer's latest proposed edits to sale motion (.1);   Work on revisions to motion (.7);   Draft trustee's declaration for same (.4);   Draft proposed order (.5);   Email exchange with buyer re: revisions (.4);   Email trustee with revisions and declaration for signature (.1) | 2.20 | $385.00 | 847.00 |
| **B201** | JAI | **Asset Disposition**<br>Receipt and review of notes to 363 sale motion and declaration from buyer and revise same (.5);   Email trustee and buyer re: revised language (.1) | 0.60 | $385.00 | 231.00 |
| **B201**<br>Aug-12-20 | JAI | **Asset Disposition**<br>Receipt and review of additional edits to draft motion from buyer;   Discuss with trustee; Revise same and circulate for review | 0.50 | $385.00 | 192.50 |

| | | | | | |
|---|---|---|---|---|---|
| **B201** | JAI | **Asset Disposition**<br>Revise request for revisions from buyer and trustee (rev.8.12.2020); Revise and finalize sale motion, trustee's declaration and proposed order for filing | 0.50 | $385.00 | 192.50 |
| **B201**<br>Aug-13-20 | JAI | **Asset Disposition**<br>Finalize 363 motion, exhibits and trustee's declaration;   Revise notice of hearing | 0.50 | $385.00 | 192.50 |
| **B201**<br>Aug-17-20 | JAI | **Asset Disposition**<br>Series of emails to and from trustee, B. Holland and MARSPEC re: interest in purchase | 0.50 | $385.00 | 192.50 |
| **B201**<br>Sep-10-20 | JAI | **Asset Disposition**<br>Email exchange with trustee and his staff re: 363 sale and overbidders (.3); Receipt and review of email and documents from buyer re: ATF discussions (.2);   Emails to and from trustee and Bill Holland re: firearm transfer issues (.4) | 0.90 | $385.00 | 346.50 |
| **B201**<br>Sep-11-20 | JAI | **Asset Disposition**<br>Discuss buyer document request with trustee and Bill Holland (.3);   Redact ATF form 4473 and forward to buyer (.4) | 0.70 | $385.00 | 269.50 |
| **B201** | JAI | **Asset Disposition**<br>Email exchange with trustee and buyer re: no overbid deposits received for 363 sale (.4); Telephone call to ATF counsel to go over transfer plan and discuss same with trustee (.3) | 0.70 | $385.00 | 269.50 |
| **B201**<br>Sep-15-20 | JAI | **Asset Disposition**<br>Prepare for hearing to approve 363 sale of firearm inventory, and potential bidding | 0.40 | $385.00 | 154.00 |
| **B201**<br>Sep-16-20 | JAI | **Asset Disposition**<br>Appear at telephonic hearing to approve 363 sale of firearm inventory (.5); Revise/finalize order granting same (.3) | 0.80 | $385.00 | 308.00 |
| **B201**<br>Sep-17-20 | JAI | **Asset Disposition**<br>Series of emails to and from buyer's counsel, trustee's staff and ATF re: closing and coordinating transfer of inventory (.4); Draft Bill of Sale and exhibits for closing (.5); Email exchange with buyer's counsel re: bill of sale and execution of same (.2) | 1.10 | $385.00 | 423.50 |

| | | | | | |
|---|---|---|---|---|---|
| **B201**<br>Sep-21-20 | JAI | **Asset Disposition**<br>Conference call with buyer and FFL to discuss particulars of transfer of inventory (.3); Email exchange with trustee and storage facility re: same (.3) | 0.60 | $385.00 | 231.00 |
| **B201**<br>Sep-22-20 | JAI | **Asset Disposition**<br>Travel to and attend turnover of firearm inventory from trustee to buyer | 2.10 | $385.00 | 808.50 |
| **B201** | JAI | **Asset Disposition**<br>Review ATF materials and email exchange with trustee and buyer re: surrendered pistols | 0.50 | $385.00 | 192.50 |
| **B401**<br>Jun-24-20 | JAI | **Case Administration**<br>Receipt and review of emails from trustee re potential new case (firearm manufacturer);   Review memorandum from creditor's counsel (Philip Bentley) re 341 questions and document request | 0.50 | $385.00 | 192.50 |
| **B401**<br>Jun-25-20 | JAI | **Case Administration**<br>Receipt and review of new file and documents from trustee (sale of firearm inventory, etc.) and discuss ATF issues, and employment as trustee's counsel | 0.50 | $385.00 | 192.50 |
| **B501**<br>Aug-14-20 | JAI | **Claims Administration & Objections**<br>Receipt and review of secured tax claim and email trustee re: lien | 0.30 | $385.00 | 115.50 |
| **B701**<br>Jun-28-20 | JAI | **Fee/Employment Applications S&MLF**<br>Revise S&MLF employment application, declaration and order, as counsel for trustee | 0.50 | $385.00 | 192.50 |
| **B701**<br>Oct-23-20 | JAI | **Fee/Employment Applications S&MLF**<br>( *AT PARALEGAL RATE ) Review S&MLF billing and account, compile billing records, and work preparing fee application outline and exhibit | 1.30 | $125.00 | 162.50 |
| **B701**<br>Oct-26-20 | JAI | **Fee/Employment Applications S&MLF**<br>( *AT PARALEGAL RATE ) Continued work on S&MLF final fee application (draft case history, task summaries, etc.) (1.1); Draft proposed order re same (.3); Draft Trustee's declaration ISO firm's final fee app (.2) | 1.60 | $125.00 | 200.00 |

| | | | | | |
|---|---|---|---|---|---|
| **B701** | | **Fee/Employment Applications S&MLF** | 0.20 | $125.00 | 25.00 |
| | PL | Draft notice of hearing for S&MLF final fee application | | | |
| **B701** | | **Fee/Employment Applications S&MLF** | 0.20 | $125.00 | 25.00 |
| | PL | Arrange service and prepare certificate of service re: S&MLF final fee application | | | |
| **B701** Dec-3-20 | PL | **Fee/Employment Applications S&MLF** [ *ESTIMATED ] Prepare Notice of Entry of Order for order granting S&MLF final fee application | 0.20 | $125.00 | 25.00 |
| **B701** | | **Fee/Employment Applications S&MLF** | 0.80 | $385.00 | 308.00 |
| | JAI | [ *ESTIMATED ]   Prepare for (.3) and attend telephonic hearing for approval of S&MLF final fee application (.5) | | | |
| **B701** | | **Fee/Employment Applications S&MLF** | 0.30 | $385.00 | 115.50 |
| | JAI | [ *ESTIMATED ] Revise/finalize order approving S&MLF final fee application (.3) | | | |

|  | **Totals** | 32.20 | $11,487.00 |
|---|---|---|---|

# EXHIBIT "2"

### *Schwartzer & McPherson Law Firm*
2850 South Jones Boulevard, Suite 1
Las Vegas, NV 89146

Ph:(702) 228-7590        Fax:   (702) 892-0122

Lenard Schwartzer                                                          October 25, 2020
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146

|  | File #: | 30520-00185 |
|---|---|---|
| **Attention:** | Inv  #: | Final Costs |

**RE:**     Jimenez Arms, Inc. (20-10752)

## DISBURSEMENTS

|  |  |  |
|---|---|---|
|  | Pacer | 3.30 |
|  | Photocopies | 78.00 |
|  | Postage | 52.00 |
|  | Westlaw | 7.04 |
| Aug-13-20 | Filing Fee (§363 Sale Motion) | 181.00 |
|  | **Total Disbursements** | **$321.34** |

# EXHIBIT "3"

Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
E-Mail:        bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-20-10752-ABL |
| JIMENEZ ARMS, INC., | Chapter 7 |
| Debtor. | **[ PROPOSED ] ORDER GRANTING FIRST AND FINAL APPLICATION FOR COMPENSATION FOR SCHWARTZER & McPHERSON LAW FIRM, ATTORNEYS FOR CHAPTER 7 TRUSTEE** |
| | Hearing Date:   December 3, 2020<br>Hearing Time:   11:00 a.m. |

The Trustee's *First and Final Application for Compensation for Schwartzer & McPherson Law Firm, Attorneys for Chapter 7 Trustee* (the "Application") [ECF No. _____] having come before this Court on the 3rd day of December, 2020;  Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee"), appearing by and through his counsel, Jason A. Imes., Esq., of the Schwartzer & McPherson Law Firm;  the Court finding that notice has been given to all creditors and parties in interest as required by law and that no parties appeared or filed written opposition; having heard the arguments of counsel, the Court having made its findings of fact and conclusions of law upon

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure

2  9014(c) and 7052, finding the requested fees and costs are reasonable and appropriate, and for

3  good cause appearing,

4       **IT IS HEREBY ORDERED** that the Application is GRANTED; and

5       **IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. §330, Schwartzer & McPherson

6  Law Firm's request for payment of professional fees as Trustee's in the amount of $11,487.00,

7  and reimbursement of costs expended in the amount of $11,487.00, and reimbursement of costs

8  expended in the amount of $321.34, for a total request for payment in the sum of **$11,808.34** for

9  the period from July 24, 2020 through December 3, 2020, is approved as an allowed and payable

10  Chapter 7 administrative expense of this bankruptcy estate.

11  Submitted by:

12

13

14  /s/ Jason A. Imes
    Jason A. Imes, Esq.

15  SCHWARTZER & MCPHERSON LAW FIRM
    2850 South Jones Blvd., Suite 1

16  Las Vegas NV 89146
    *Attorneys for Lenard E. Schwartzer, Trustee*

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

## **LR 9021 CERTIFICATION**

2

In accordance with LR 9021, counsel submitting this document certifies that the order accurately
reflects the court's ruling and that (check one):

3

4

☐     The court waived the requirement of approval under LR 9021(b)(1).

5

☐     No party appeared at the hearing or filed an objection to the motion.

6

☐     I have delivered a copy of this proposed order to all counsel who appeared at
the hearing, and any unrepresented parties who appeared at the hearing, and each has
approved or disapproved the order, or failed to respond, as indicated above.

7

8

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of
this order with the motion pursuant to LR 9014(g), and that no party has objection to
the form or content of the order.

9

10

11

12

13

———————————————
Jason A. Imes, Esq.
SCHWARTZER & MCPHERSON LAW FIRM

14

15

### # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM

2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122