James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Email: jshea@shea.law
blarsen@shea.law

Philip Bentley, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 1992627
Priya K. Baranpuria, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5467444
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Email: pbentley@kramerlevin.com
pbaranpuria@kramerlevin.com

Alla Lefkowitz, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 4923363
Molly Thomas-Jensen, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 4735148
**EVERYTOWN LAW**
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
(mailing address)
Phone: (646) 324-8226
Email: alefkowitz@everytown.org
mthomasjensen@everytown.org

*Attorneys for Beverly Crawford and Alvino Crawford,
and for the City of Kansas City, Missouri*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| In re:                | Case No. 20-10752-ABL |
|---|---|
| JIMENEZ ARMS, INC.,   | Chapter 7             |
| Debtor.               |                       |

KL2 3197291.1

# NOTICE OF ISSUANCE OF SUBPOENA FOR RULE 2004 EXAMINATION OF BILLIONMATE INDUSTRIES INC.

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

NOTICE IS HEREBY GIVEN that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 2004, Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford (the "Crawfords") and the City of Kansas City, Missouri ("Kansas City") (together, "the Examining Creditors"), by and through their undersigned attorneys, intend to serve the Subpoena for Rule 2004 Examination attached hereto as Exhibit 1 on **BILLIONMATE INDUSTRIES INC**.

Dated this 25th day of November 2020.

**SHEA LARSEN**

/s/ *Bart Larsen, Esq.*
Bart K. Larsen, Esq.
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
1177 Avenue of the Americas
New York, New York 10036

**EVERYTOWN LAW**
Alla Lefkowitz, Esq. (Admitted *Pro Hac Vice*)
Molly Thomas-Jensen, Esq. (Admitted *Pro Hac Vice*)
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
*(mailing address)*

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford; and the City of Kansas City, Missouri*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

KL2 3197291.1

## CERTIFICATE OF SERVICE

I hereby certify that on NOVEMBER 25, 2020, I electronically transmitted the foregoing NOTICE OF ISSUANCE OF SUBPOENA FOR 2004 EXAMINATION OF BILLIONMATE INDUSTRIES, INC. to the Office of the Clerk of the Bankruptcy Court, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart Larsen, Esq.*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Page 3 of 3

KL2 3197291.1

# UNITED STATES BANKRUPTCY COURT
District of Nevada

| In re:<br><br>JIMENEZ ARMS, INC.,<br><br>Debtor. | Case No. 20-10752-ABL<br><br>Chapter 7 |
|---|---|

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Billionmate Industries, Inc.**
3030 Cardillo Ave.
Hacienda Heights, CA 91745

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. **A list of subjects on which you will be examined is attached hereto as SCHEDULE A.** A copy of the court order authorizing the examination is attached hereto.

| LOCATION:<br>**Remote (via videoconference)** | DATE AND TIME:<br>**The deposition will be at a subsequent date to be mutually agreed but not later than 30 days after the completion of the document production referenced below.** |
|---|---|

The examination will be recorded by this method: <u>stenographic and/or videotape</u>.

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **A list of items to be produced is attached hereto as SCHEDULE B. Documents to be produced at the offices of Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, by December 21, 2020 at 5 p.m.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2020

| CLERK OF COURT | OR |
|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | /s/ *Bart Larsen, Esq.*<br>Attorney's signature |

The name, address, email address, and telephone number of the attorneys representing Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford (the "<u>Crawfords</u>") and the City of Kansas City, Missouri ("Kansas City"), who issues or requests this subpoena, are: Bart K. Larsen, Esq., SHEA LARSEN PC, 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, (702) 471-7432, blarsen@shea.law and Philip Bentley, Esq., Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, (212) 715-9100, pbentley@kramerlevin.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

KL2 3197296.1

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*)_____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

KL2 3197296.1

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEPOSITION TOPICS

### DEFINITIONS

The definitions set forth in Schedule B are incorporated herein by reference.

### INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on Your behalf to testify about information known or reasonably available to You regarding the Topics set forth below.

### TOPICS

1. Your record-keeping practices, and the records described in Schedule B.

## **SCHEDULE B**

## **DOCUMENT REQUESTS PURSUANT TO RULE 2004**

### DEFINITIONS

1. The term "Bank Statements" shall mean any regularly generated reports, including but not limited to monthly or quarterly statements, for accounts at financial institutions, including but not limited to checking accounts, savings accounts, money market accounts, brokerage accounts, retirement accounts, investment accounts, trust accounts, and safe deposit boxes.

2. The terms "You," "Your," or "Yours" shall mean and refer to Billionmate Industries, Inc. your agents, employees, representatives, affiliated companies employees of affiliated companies, and/or any person or entity authorized to act on your behalf.

3. The term "the Debtor" shall mean Jimenez Arms, Inc.

4. The term "Paul Jimenez" shall mean the individual known as Paul Juan Jimenez a.k.a. Pablo Juan Jimenez, his agents, employees, representatives, and affiliated companies (including the sole proprietorship known as "Paul Jimenez DBA Jimenez Arms" and/or "Jimenez Arms DBA" and/or "the DBA"), employees of affiliated companies, and/or any person or entity authorized to act on his behalf.

5. The terms "and/or," "or," and "and" are used inclusively, not exclusively. Except where to do so would exclude information from a response to an interrogatory, use of the singular shall be taken to include the plural and vice-versa.

6. "Document" is used in the broadest sense and includes without limitation the following items, whether written or produced by hand, or printed or recorded or reproduced by any other mechanical process, and any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any

other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail, cloud storage, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials), and whether sent or received or neither, including without limitation contracts; agreements and understandings; communications, including intracompany communications; memos; statements; handwritten or other types of notes; correspondence; telegrams; memoranda; notices; records; books; summaries, notes, or records of telephone conversations; summaries, notes or records of personal conversations or interviews; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; ledgers; journals; books or records of account; summaries of accounts; balance sheets; income statements; minutes or records of meetings or conferences; desk calendars; appointment books (including pocket appointment books); reports and/or summaries of interviews; rough or scratch-pad notes; records, reports, or summaries of negotiations; studies; brochures; pamphlets; circulars; press releases; contracts; projections; drafts of any documents; working papers; marginal notations; photographs; drawings; checks (front and back); invoices, bills of lading, and other commercial papers; tape or video recordings; computer printouts; data processing input and output; microfilms; check stubs or receipts; drafts of any of the foregoing; and any other document or writing of whatever description. As used here, "document" means the original and any nonidentical copy. Handwritten notations of any kind on the original or any copy of a document render it nonidentical.

7. "Communication" means any transmittal of information (in the form of fact, ideas, inquiries, or otherwise), and includes both oral and written communications. It shall include, but not be limited to, any emails that You sent from JimenezArmsInc@yahoo.com.

8. The words "relate to" or "relating to" mean containing, connected with, pertaining to, discussing, reflecting, referring to, describing, referencing, touching on, supporting, negating, or in any way regarding.

9. "Date" when used herein shall include the day, month and year of the occurrence to which the request refers. You are to provide the exact date or inclusive dates if known, or if not known, an approximation together with an indication that the date or dates supplied may not be exact.

## INSTRUCTIONS

1. These requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You. Where documents in Your possession, custody, or control are requested or inquired of, such request or inquiry includes documents in the possession, custody, or control of each of Your representatives, agents, advisors, attorneys, accountants, auditors and consultants, all other persons or entities acting or purporting to act on Your behalf or under Your control, any other persons or entities from whom You could obtain documents (including any entity for which You are a director, member, shareholder, trustee, beneficiary, or person with control), and each of their predecessors and successors.

2. If You contend that no documents exist concerning all or part of a request, You shall state this contention and respond as fully as possible to all parts of the request for which documents exist.

3

3. If You claim that any privilege or protection excuses production of any document or part thereof, You must expressly make such claim in writing and describe the nature of each document withheld on this ground, in sufficient detail for the Examining Creditors to determine whether there is an adequate basis for invoking privilege or protection.

4. In the event that any document covered hereunder has been destroyed, discarded, or lost, You shall inform the Examining Creditors of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5. If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

6. Each document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with the Instructions herein).

7. All documents shall be produced in native electronic format together with standard-format load files (indicating any parent/child attachment relationships and Bates designation cross-reference table if applicable) and shall be produced together with all original metadata and searchable text.

8. The use of the singular form of any word includes the plural and vice versa.

9. These Requests shall be deemed to be continuing so as to require You to supplement Your responses if You or Your attorneys or agents become aware of, receive, or generate additional documents responsive to these Requests after the time of the initial response.

5

10. The subject headings used in these Requests are intended for general organizational purposes only and shall not be construed as limiting the scope of any request.

DOCUMENT REQUESTS

1. All communications between You and any employee, representative, agent, contractor, or other affiliate of Jimenez Arms, Inc., Paul Jimenez, Jimenez Arms DBA, or JA Industries, LLC from January 1, 2018 to the present.

2. All documents relating to any transactions between You and Jimenez Arms, Inc., Paul Jimenez, Jimenez Arms DBA, or JA Industries, LLC, including but not limited to all loans, invoices, contracts, receipts, leases, accounts payable, accounts receivable, and asset purchase agreements, from January 1, 2018 to the present.

_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 14, 2020

| | |
|---|---|
| James Patrick Shea, Esq.<br>Nevada Bar No. 405<br>Bart K. Larsen, Esq.<br>Nevada Bar No. 8538<br>**SHEA LARSEN**<br>1731 Village Center Circle, Suite 150<br>Las Vegas, Nevada 89134<br>Telephone: (702) 471-7432<br>Fax: (702) 926-9683<br>Email: jshea@shea.law<br>          blarsen@shea.law | Philip Bentley, Esq. (Admitted *Pro Hac Vice*)<br>New York Bar No. 1992627<br>Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)<br>New York Bar No. 5467444<br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100<br>Fax: (212) 715-8000<br>Email: pbentley@kramerlevin.com<br>          pbaranpuria@kramerlevin.com |

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>JIMENEZ ARMS, INC.,<br><br>Debtor. | Case No. 20-10752-ABL<br>Chapter 7 |

**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATIONS AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

This Court having reviewed the *Ex Parte Motion for Order Directing Examinations and the Production of Documents Pursuant to Fed. R. Bankr. P. 2004* [ECF No. 96] (the "Motion") filed by

Page 1 of 2

KL2 3197301.2

Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford (the "Crawfords"), and the City of Kansas City, Missouri ("Kansas City"), and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Paul Jimenez, Sr., Paul Jimenez DBA Jimenez Arms, JA Industries LLC, Genske, Mulder & Company, LLP, and other persons and entities with knowledge of facts relevant to the Debtor's potential claims against Paul Jimenez, Sr., members of his family or entities affiliated with him or his family members shall produce documents and appear for examination under oath before a certified court reporter pursuant to Bankruptcy Rule 2004, as set forth in subpoenas to be issued pursuant to Fed. R. Bankr. P. 9016, at times, places and dates to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) calendar days' written notice, as to any matter permitted by Fed. R. Bankr. P. 2004, including but not limited to the matters specifically enumerated in the Motion.

IT IS SO ORDERED.

Submitted by:

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq. (Admitted *Pro Hac Vice)*
Priya K. Baranpuria, Esq. (Admitted *Pro Hac Vice*)
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri*

Page 2 of 2

KL2 3197301.2