James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
         blarsen@shea.law

Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 1992627
Priya K. Baranpuria, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5467444
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Email: pbentley@kramerlevin.com

Alla Lefkowitz, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 4923363
Molly Thomas-Jensen, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 4735148
**EVERYTOWN LAW**
450 Lexington Ave. P.O Box # 4184
New York, NY 10017
Telephone: (646) 324-8226
Email: alefkowitz@everytown.org
         mthomasjensen@everytown.org

*Attorneys for Beverly Crawford and Alvino Crawford, and for the City of Kansas City, Missouri*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>JIMENEZ ARMS, INC.,<br><br>Debtor. | Case No. 20-10752-ABL<br><br>Chapter 7 |

### STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Creditors Beverly Crawford and Alvino Crawford, individually and as the parents of the decedent Alvino Dwight Crawford, and the City of Kansas City, Missouri (the "Creditors"), by and through their undersigned counsel, and Paul Jimenez, Sr. and JA Industries LLC, the "Non-Parties" to this Chapter 7 Proceeding, by and through their undersigned counsel, hereby enter into

- 1 -

this *Stipulation and Protective Order Regarding Confidential Information* (the "Stipulation and Protective Order"). After negotiating in good faith, the Creditors and Non-Parties hereby represent and agree as follows:

WHEREAS, documents and information have been and may be or have been sought, produced, or exhibited by and among the Creditors and Non-Parties relating to or containing non-public personal, confidential, pecuniary, or proprietary business information, including trade secrets, confidential financial information, confidential research, and other protected material.

THEREFORE, in order to allow the Creditors access to documents and information and to protect the Non-Parties' confidential and proprietary information including private information and documents that the Non-Parties maintain are protected by both federal and state privacy laws, the Creditors and Non-Parties agree to the entry of an order of the Bankruptcy Court approving this Stipulation and Protective Order on the following terms:

1. This Stipulation and Protective Order shall govern the use, handling, and disclosure of all documents, testimony, or other materials or information produced or provided in discovery ("Discovery Materials") conducted in connection with the above-captioned Chapter 7 case (the "Chapter 7 Case") and designated to be subject to this Stipulation and Protective Order in accordance with the terms hereof. A person or entity subject to a subpoena in the Chapter 7 proceeding reserves all rights to object to any request for the production of documents or information that would in any manner violate the right to privacy under state and/or federal law. Any Creditor or Non-Party seeking said documents or information by subpoena or otherwise or objecting to or otherwise resisting the production of said documents or information reserves all rights including the right to proceed to Court to seek enforcement of or protection from said subpoena or other request.

2. Any Creditor or Non-Party providing Discovery Materials may designate as "Confidential" that portion of such Discovery Materials that the producing Creditor or Non-Party in good faith reasonably believes contains non-public personal, confidential, pecuniary, or proprietary business information as defined below. Any such designation shall be made by typing,

writing or stamping "Confidential" on the front of the document or on the portion(s) of the document for which confidential treatment is designated. For electronically stored information for which typing or stamping the front of the document is impractical, the materials may be designated confidential by adding "Confidential" to the filename.

        (a)    "Confidential Information" means any information or document that constitutes, reflects, or discloses trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and non-public designations), the disclosure of which the producing Creditor or Non-Party believes in good faith might reasonably result in economic, competitive, or business injury to the producing Creditor or Non-Party and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. "Confidential Information" shall also include personal information that is not otherwise publicly available, including but not limited to home addresses, social security numbers, dates of birth, employment personnel files, medical information, home telephone records/numbers, tax records, and other similar personal financial and business information.

        (b)    A Creditor or Non-Party may only designate as Confidential its own Discovery Materials, and not Discovery Materials produced by any other Creditor or Non-Party or other third person.

        3.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Bankruptcy Court contain Confidential Information, inclusive of the material identified above and herein, the Creditor or Non-Party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall use its best efforts to file such records under seal; provided, however, that a copy of such filing having the Confidential Information redacted therefrom may be made part of the public record. Any Creditor or Non-Party filing any document under seal must comply with the requirements of all applicable rules, including Rule 9018 of the Local Rules of Bankruptcy Practice, United States Bankruptcy Court, District of

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Nevada ("Local Rules").  If, notwithstanding such compliance, the Bankruptcy Court denies a Creditor's or Non-Party's request to file Confidential Information under seal, that Creditor or Non-Party may file such Confidential Information with the Bankruptcy Court after making a good faith effort to meet and confer with the designating Creditor or Non-Party regarding the use of such Confidential Information. Notwithstanding the foregoing, any Creditor or Non-Party filing Confidential Information under seal shall provide full, un-redacted copies of the Confidential Information to the Bankruptcy Court, the Bankruptcy Court Trustee, and the non-filing Creditor or Non-Party simultaneous with the filing under seal.

4. (a) All depositions or examinations taken in connection with this Chapter 7 Case that contain Confidential Information may be designated as "Confidential" and thereby obtain the protections accorded Confidential Information under this Stipulation and Protective Order.  A Creditor or Non-Party shall have the later of fourteen (14) days from the date their deposition or examination is taken, or seven (7) days from the date their deposition or examination transcript is received, to serve notice to all Creditors and Non-Parties designating their transcript or portions thereof as "Confidential" or may do so at the time of the deposition, on the record.  A Creditor or Non-Party may only designate as Confidential their own transcript or portions thereof, and not the transcript of any other witness.

(b) Deposition or examination testimony shall be treated as Confidential Information during the time period the Creditors or Non-Parties have to designate the transcript or portions thereof as "Confidential."  To the extent any designations are made on the record during a deposition or examination, the designating Creditor or Non-Party need not serve a notice re-designating those portions of the transcript as Confidential Information.  Any Creditor or Non-Party may challenge any such designation in accordance with paragraph 10 of this Stipulation and Protective Order.

5. Except with the prior written consent of the designating Creditor or Non-Party, Confidential Information may not be disclosed other than in accordance with this Stipulation and Protective Order and may not be disclosed to any person other than to (a) the Bankruptcy Court,

Bankruptcy Court officials, the United States Trustee, Bankruptcy Court Trustee and authorized Bankruptcy Court personnel, stenographic reporters, and videographers at depositions; (b) the Creditors and Non-Parties;  (c) counsel for the Creditors and/or Non-Parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in connection with this Chapter 7 Case; (d) any witness being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the examination or proceedings;  (e) with respect to any document or accompanying covering letter, email, or other communication, the document's author, addressee or actual recipient, or, in the case of meeting minutes and presentations, an attendee; (f) experts or advisors retained by a Creditor or Non-Party; (g) Creditors or Non-Parties to whom the subject Confidential Information belongs or concerns; (h) a mediator or other settlement judge selected or agreed-upon by the Creditors and Non-Parties in connection with any attempted resolution of disputes between the Creditors and Non-Parties; (i) clerical or ministerial service providers, including outside copying services and litigation support personnel  providing services in connection with this Chapter 7 Case; and (j) any other person by order of the Bankruptcy Court after notice to all Creditors and Non-Parties and opportunity to be heard, or as agreed between the Creditors and Non-Parties.

   6. Any person to whom Confidential Information is disclosed pursuant to subparts (c) through (j) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Bankruptcy Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Stipulation and Protective Order, and that any violation of this Stipulation and Protective Order may result in the imposition of such sanctions as the Bankruptcy Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subparts (c) (other than the undersigned counsel and their respective employees), (d), (f) or (j) of Section 5 shall also be required to execute a copy of the form annexed as Exhibit A (the "Acknowledgement") acknowledging that they understand it and will obey the restrictions contained in this Stipulation and Protective Order

(which shall be maintained by counsel of record for the disclosing party). Proof of each written agreement provided for under this section shall be maintained while the Chapter 7 Case is pending and disclosed to the Creditors and/or Non-Parties upon good cause shown and upon order of the Bankruptcy Court.

7. A receiving Creditor or Non-Party may not use another Creditor's or Non-Party's Confidential Information in connection with the Chapter 7 Case, or related adversary proceedings or related arbitration or any other proceeding in any other state or U.S. District Court unless it fully complies with this Stipulation and Protective Order.

8. This Stipulation and Protective Order has been agreed to by the Creditors and Non-Parties to facilitate discovery, the production of documents, and the exchange of documents and information among the Creditors and Non-Parties without involving the Bankruptcy Court unnecessarily in the matter. The Non-Parties have asserted and shared with the Creditors certain objections to the document requests included in the Creditors' subpoenas dated November 25, 2020. Nothing in this Stipulation and Protective Order, nor the production of any information or document under the terms of this Stipulation and Protective Order, nor any proceedings pursuant to this Stipulation and Protective Order, shall be deemed to be (i) a waiver of the Non-Parties' objections, or an agreement by the Creditors that such objections are meritorious, (ii) a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at hearings or trial, or (iii) a waiver of any Creditor's or Non-Party's rights or remedies against any other Creditor or Non-Party for producing information or documents that violate the terms and conditions of this Stipulation and Protective Order and/or the right to privacy under either state or federal law.

9. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Stipulation and Protective Order, so long as a confidentiality designation is made within 14-days after the inadvertent failure by such Creditor or Non-Party. If a Creditor or Non-Party designates a document as "Confidential" after it was initially produced, the receiving Creditor or

Non-Party, on notification of the designation, must make a reasonable effort to treat the document in accordance with the provisions of this Stipulation and Protective Order, and upon request from the producing Creditor or Non-Party, certify that the designated documents have been maintained as Confidential Information.

10. The designation of any material or document as Confidential Information is subject to challenge by any Creditor or Non-Party at any time up until the Creditor or Non-Party is dismissed or is no longer involved in the Chapter 7 case. A Creditor or Non-Party does not waive its right to challenge or enforce a confidentiality designation by electing not to mount a challenge or enforcement effort promptly after the original designation is disclosed. If any Creditor or Non-Party objects to any designation of any materials as "Confidential," or seeks to enforce the same, the Creditors and Non-Parties shall attempt in good faith to resolve such objection. If the Creditors and Non-Parties cannot resolve the objection, the Creditor or Non-Party objecting to the designation may challenge the designation by motion to the Bankruptcy Court. Until an objection has been resolved by agreement of counsel or by order of the Bankruptcy Court, the designated materials shall be treated and remain Confidential Information and subject to this Stipulation and Protective Order.

11. The designating Creditor or Non-Party shall have the burden of proving that any document designated as "Confidential" is entitled to such protection to the extent the designation is challenged.

12. All provisions of this Stipulation and Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Chapter 7 Case, unless otherwise agreed or ordered. Upon conclusion of the Chapter 7 Case (including all appeals), including any related adversary proceeding, a Creditor or Non-Party in the possession of Confidential Information shall either (a) return such documents no later than ninety (90) days after such conclusion to counsel for the Creditor or Non-Party who provided such information, or (b) destroy such documents and certify in writing within ninety (90) days that the documents have been destroyed.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

13. Notwithstanding the requirements in Paragraph 12 above, counsel are entitled to retain copies of trial, deposition and hearing transcripts and all documents filed with the court, including correspondence, deposition and trial exhibits, expert reports, attorney work product, even if such materials contain confidential material. To the extent that such materials contain Confidential Information, such information remains confidential and protected under this Order.

14. Notwithstanding the above requirements to return or destroy documents, at the conclusion of the Chapter 7 Case, counsel may retain one copy of all information designated as CONFIDENTIAL that they may use solely for the purpose of preservation of the client's file and for no other purpose. Counsel may also retain attorney work product, including an index which refers or relates to designated Confidential Information, and consultant and expert work product, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

15. (a) If a Creditor or Non-Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Chapter 7 Case as Confidential Information, that Creditor or Non-Party must:

    (i) Promptly notify the Creditor or Non-Party that produced such materials. Such notification shall be in writing (by email, if possible) and in no event more than three court days after receiving the subpoena or order.

    (ii) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Protective Order; and

    (iii) Cooperate with respect to all reasonable procedures sought to be pursued by the Creditor or Non-Party whoseConfidential Information may be affected.

(b) If the Creditor or Non-Party whose Confidential Information may be affected timely seeks a protective order, the Creditor or Non-Party served with the subpoena or

court order shall not produce any information designated in this Chapter 7 Case as Confidential Information before a determination by the court from which the subpoena or order issued, unless the Creditor or Non-Party has obtained permission from the Party whose Confidential Information may be affected.  The Creditor or Non-Party whose Confidential Information may be affected shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party that received Confidential Information in this action to disobey a lawful directive from another court.

16. Any disputes concerning the use, scope, interpretation and application of this Stipulation in any other state or federal proceeding whether the Creditor or Non-Party is or is not a party in that proceeding is to be resolved by the United States Bankruptcy Court in Las Vegas, Nevada and by no other state or federal court.

17. Nothing herein shall affect or restrict the rights of any Creditor or Non-Party with respect to its own documents or to the information obtained or developed independently of these Chapter 7 Proceedings or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Stipulation and Protective Order.

18. The Creditors and Non-Parties consent to the entry of an order by the Bankruptcy Court approving this Stipulation and Protective Order.

19. The Bankruptcy Court retains the right to allow disclosure of any subject covered by this Stipulation and Protective Order or to modify the same at any time in the interest of justice.

20. The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of this Stipulation and Protective Order and any order approving the same.

21. Pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the 14-day stay of the order approving this Stipulation shall be waived, and such order shall be effective immediately upon entry.

22. Nothing in this Stipulation and Protective Order shall constitute a waiver by any Creditor, Non-Party or any other person or entity of any rights, remedies or causes of action that

might otherwise exist before or after the Court approves this Stipulation and Protective Order, nor may this Stipulation and Protective Order be used in the Chapter 7 Proceedings or any other proceeding to constitute an admission of any kind or for any purpose other than to enforce the terms agreed to herein.

Dated this 13th day of April 2021.

**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Philip Bentley, Esq. (Admitted *Pro Hac Vice*)
Susan Jacquemot, Esq. (Admitted *Pro Hac Vice*)
1177 Avenue of the Americas
New York, New York 10036

**EVERYTOWN LAW**
Alla Lefkowitz, Esq. (Admitted *Pro Hac Vice*)
Thomas-Jensen, Esq. (Admitted *Pro Hac Vice*)
450 Lexington Avenue
P.O. Box #4184
New York, New York 10017
(*mailing address*)

*Attorneys for Beverley Crawford and Alvino Crawford, and the City of Kansas City, Missouri*

Dated this 13th day of April 2021.

**LAW OFFICES OF JAMES C. SABALOS**

/s/ *James C. Sabalos, Esq.*
James C. Sabalos, Esq.
1400 Bristol Street North
Suite 210
Newport Beach, CA 92660

*Attorney for the Non-Parties to the Chapter 7 Proceedings, Paul Jimenez, Sr. and JA Industries, LLC*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# EXHIBIT A

## ACKNOWLEDGEMENT

I hereby acknowledge that Confidential Information is being shown or provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order filed on_____, 2021, in United States Bankruptcy Court, District of Nevada, Case No. 20-10752-ABL (the "Order"). I understand a copy of the Order is available for my review. I agree not to reveal Confidential Information to anyone, except as allowed by the Order.

If I receive Confidential Information, including copies, notes, or other transcriptions made therefrom, I agree: (1) to maintain such information in a secure manner to prevent unauthorized access to it; and (2) to return such information to the counsel who provided it to me no later than ninety (90) days after the conclusion of this action.

ACKNOWLEDGED this _____ day of _____ , 2021, at


By: _____

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, I electronically transmitted the foregoing STIPULATION REGARDING CONFIDENTIAL INFORMATION to the Office of the Clerk of the Bankruptcy Court, using the CM/ECF System, for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed for this matter.

By: /s/ *Bart K. Larsen, Esq.*