LENARD E. SCHWARTZER
2850 S. Jones Blvd., Ste 1
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re ) Case No. BK-S 20-10752-ABL
)
JIMENEZ ARMS, INC. ) IN PROCEEDINGS UNDER CHAPTER 7
)
) NOTICE OF TRUSTEE'S INTENT TO
) ABANDON ALTER EGO CLAIMS
) AGAINST PAUL JIMENEZ AND HIS
) OTHER COMPANIES AND OTHER
) PERSONS AND/OR ENTITIES
Debtor )
)
)

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to LR 9014.1, the court will consider this motion, objection, or other matter without further notice of hearing unless a party in interest files an objection within 21 days from the date of service of this paper. If you object to the relief requested in this paper, you may file your objection at the bankruptcy clerk's office located in Las Vegas at the United States Bankruptcy Court, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 or in Reno at the United States Bankruptcy Court, 300 Booth Street, Reno, Nevada 89509, and serve a copy on the movant's attorney and any other appropriate person.

It is the duty of the objecting party to timely set the objection for a hearing and properly notice all parties in interest. If you do not file an objection within the time permitted, an order granting the requested relief may be entered by the court without further notice or hearing.

1

PLEASE TAKE NOTICE that pursuant to Fed. R. Bankr. P. 6007(a) and 11 U.S.C. §554(a), LENARD E. SCHWARTZER, Chapter 7 Trustee ("Trustee"), intends to and will abandon the following described non-exempt asset as inconsequential value and has no benefit to the estate, unless a creditor or other interested party files and serves a written objection pursuant to LR 9014.1, within 21 days from the date of service of this paper on the Trustee and any other appropriate person.

The Trustee intends to abandon the estate's interest in the following asset (the "Asset"):

**Alter Ego Claims against Paul Jimenez and his other companies and other persons and/or entities**

## FACTS

1. On February 3, 2012, Debtor filed its Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code and LENARD E. SCHWARTZER is the duly appointed and acting trustee herein.

2. Assets of the Debtor to be abandoned include the following:

    **Alter Ego Claims against Paul Jimenez and his other companies and other persons and/or entities**

3. There is some evidence that Paul Jimenez, who owned and controlled Jimenez Arms, Inc. (the Debtor), used his control over the Debtor to work a fraud or manifest injustice on the Debtor's creditors, by among other things treating the Debtor's assets as his own, failing to observe corporate formalities, undercapitalizing the Debtor, having the Debtor overpay for parts acquired from Paul Jimenez's dba company and operating the Debtor's business for the purpose of shielding his personal assets from potential creditors, including tort claimants.

4. The Bankruptcy Estate has limited funds, which are insufficient to employ counsel on an hourly basis to pursue this litigation. Creditor's counsel is unwilling to represent the bankruptcy estate on a contingent fee basis because of the large amount of priority claims (in excess of $1 million) will make it very unlikely that his clients could recover anything, even if the estate is successful in holding that Paul Jimenez is the Debtor's alter ego.

5.  The Trustee hereby moves this Court for an Order abandoning the foregoing Asset, as he has determined it is of inconsequential value and has no benefit to the estate.

## MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Bankr. P. 6007(a) states:

Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.

11 U.S.C. Section 554(a) states:

After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Pursuant to Local Rule 9014.1(a)(4), notices of abandonment pursuant to Fed. R. Bankr.P. 6007(a) may be considered by the court without an actual hearing under the negative notice procedure described in Local Rule 9014.1, if no party requests a hearing.

## CONCLUSION

Based upon the foregoing, the Trustee seeks authority to abandon the Alter Ego Claims against Paul Jimenez and his other companies and other persons and/or entities.

As set forth above, objections to this proposed abandonment that are not timely filed and served may be deemed invalid and/or waived.

DATED: July 21, 2021

_____
LENARD E. SCHWARTZER

3

**DECLARATION OF TRUSTEE**

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

DATED: July 21, 2021

_____
LENARD E. SCHWARTZER